Mr. Justice Scott, delivered the opinion of the court. The competency of the plaintiff to sue being clear and the amount claimed within the jurisdiction of the justice, there would seem to be no good reason to doubt as to the question of jurisdiction, even if it had not been conferred in expresa terms by the act of Congress. The certificate of the Auditor of the Treasury for the Post Office Department was properly received in evidence, his official seal proving itself. This was the law when the plaintiff in error accepted the office of post master and entered upon the discharge of his duties and has ever since been, and he has to abide the consequences. The objection that the evidence did not identify the defendant below is not tenable. Where no particular circumstance tends to raise a question as to the party being the same, identity in name is sufficient for an inference agaist him. If such an objection to the full extent were to prevail “ the transactions of the world could not go on,” as was laid down by Lord Abingeb. in Jones vs. Jones, (9 Mees. & Welb. 75,) where the name of “ John Smith” was cited for illustration, the question having come up in that case from the evidence on cross examination which showed “that the name ‘ Hugh Jones,’ in that particular part of Wales was so common as hardly to be a name.” In the case before us however, there is no such evidence as to the name of McNamee or any other circumstance in proof to repel the presumption arising from the identity of name. It is not for McNamee to object in this court that the judgment in the circuit court was not against his securities in the appeal as well as himself. The statute of limitation was not binding upon the rights of United States; (Swearingen vs. U. States, 11 Gill. & John. 373,) the maxim “ nullum, tempus occurit regi” applied in this case. U. S. vs. Hoar, (2 Mason C. C. R. 666.) U. S. vs. Barford, (3 Peters 12.) State vs. Thompson, (5 Eng. 47.) Linsey vs. Miller, (6 Peters 666) Judgment affirmed.