## Colony Coal & Coke Corporation v. Olinger et al.

(Decided June 12, 1936.)

JESSE MORGAN for appellant.

NAPIER & EBLEN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Appellant is complaining of a judgment awarding to appellees the ownership of the timber and mineral rights in, on, and under 105 acres of land described in this record as tract No. 2.

Appellees claim this 105 acres under a deed made to their ancestors, Daniel and Alex Olinger, by Henry Fields and Robert Fields and wife on January 17, 1900. Appellant does not dispute appellees' ownership of the surface rights in this tract, but claims that it owns the appurtenant timber and minerals under a deed made by Robert Fields and wife to T. P. Trigg, trustee, on July 22, 1887.

Appellees admit the minerals and timber appurtenant to this 105 acres were included in this deed to Trigg, but allege (a) such inclusion was a fraud or a mistake, and they seek to have that deed reformed, and this timber and minerals excluded therefrom; (b) that

this 105 acres was bought and paid for by Henry Fields, but Robert Fields procured its inclusion in the deed from the state to him by fraud; (c) that Henry Fields was in adverse possession of this 105 acres when the state included it in the deed to Robert Fields, and also when Robert Fields executed the deed to Trigg, hence, so they argue, those deeds were champertous and void; and (d) that Henry Fields continued in adverse possession of this 105 acres after the deed was made to Trigg and was so on January 17, 1900, when he and Robert Fields made the deed under which appellees claim, hence they claim Henry Fields by such adverse possession so maintained by him and by him transferred to appellees' ancestors and by them and by appellees since maintained, appellees have acquired and now own these timber and mineral rights absolutely.

The reader of this opinion should at this point read the opinion in Field's Heirs v. Napier, 80 S. W. 1110, 26 Ky. Law Rep. 240, for further insight into this situation.

Henry Fields knew this 105 acres was included in the deed from the state to Robert Fields, for the latter so testifies, and Henry Fields, according to this evidence, was present when the deed was made to Trigg, and thus knew all about it, and it appears to us he ratified what was done, but if he did not ratify it and wanted to complain of any fraud or mistake, he had but five years to do so (section 2515, Ky. Stats.); he did nothing, and July 22, 1892, the bar fell, on all such claim of his and of appellees claiming under him. Thus appellant's plea of limitations completely destroys claims (a) and (b) made by appellees.

After the sale of this land to the state under execution against Henry Fields, he continued in possession of it. Such a possession did not render the deeds then made champertous. Snowden v. McKinney, 7 B. Mon. (46 Ky.) 258; 11 C. J. 261, sec. 58. It was so held in Field's Heirs v. Napier, 80 S. W. 1110, 26 Ky. Law Rep. 240, and that disposes of appellees' claim (c).

As to rights claimed to have been acquired by occupation of the surface after the severance of the minerals asserted in claim (d), the opinion in Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S. W. (2d) 394, affords a complete answer.

The court will set aside its **judgment and award** appellant the relief sought.

**Judgment reversed.**