**The UNITED STATES NATIONAL BANK OF PORTLAND (Oregon), Assignee of Odd Hagen Foss, an Individual Doing Business as Arthur Murray School of Dancing**

v.

**The UNITED STATES.**

**No. 133.**

United States Court of Claims.

Nov. 2, 1954.

William A. Kehoe, Jr., Washington, D. C., for plaintiff. Kane & Koons, Washington, D. C., on the brief.

David Orlikoff, Washington, D. C., Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

This case is before the court on the motion of defendant to dismiss plaintiff's petition on the ground that the court lacks jurisdiction, it being alleged that the claim accrued more than six years prior to the filing of the petition.

According to the allegations in the petition one Odd Hagen Foss, doing business as Arthur Murray School of Dancing, made an assignment to the plaintiff of all its right, title and interest in and to all monies due or to become due under a contract with the United States Veterans Administration.

It is alleged that the Veterans Administration, Vocational Rehabilitation and Educational Division, made a contract with Arthur Murray School of Dancing, Portland, Oregon, for courses of instruction in dancing. The consideration for the assignment was money advanced by the plaintiff to the assignor to assist it in carrying out the contract.

The first loan dated November 1, 1946, was in the amount of $9,690.75 with interest at the rate of 6 percent per annum. Various payments were made on this loan and the unpaid balance at the time of the filing of the petition was claimed to be $99.97.

On December 2, 1946, plaintiff made another loan to Foss in the amount of $6,673.50, with interest at 6 percent. According to the allegations no payments have been made on this loan. Collateral security for the loan was the assignment made by Foss to plaintiff.

It is alleged that Foss rendered instruction to veterans under the contract and at various times from September through December submitted vouchers to the Veterans Administration for payment on account of courses completed, in the total amount of $22,842.50.

It is further alleged that plaintiff is advised and upon such advice states that these vouchers contained charges for services which had not been furnished by Foss as claimed in the vouchers, as well as charges for services actually rendered. Plaintiff alleges that it is further advised that after careful investigation the contracting agency, the Veterans Administration, determined that the vouchers contained valid items amounting to $8,577.50 and recommended payment of that amount to plaintiff in April 1948; that later the determination was amended to include other items amounting to $2,885, making a total of $11,462.-50.

According to the allegations in April 1947 the Veterans Administration re-

ferred the claims to the General Accounting Office and on March 15, 1950, the Comptroller General advised plaintiff that its claim for payment had been disallowed; that subsequently the question of payment of plaintiff's claim was referred to the Department of Justice and under date of February 5, 1952, plaintiff was advised that the Department would not recommend the release to it as assignee of any funds.

The sole question before us is whether the claim is barred by the statute of limitations.

The work was done between September and December 1946 and the cause of action for services rendered accrued at that time. The petition was filed March 30, 1954. Section 2501 of Title 28, United States Code, is as follows:

> "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, or the claim is referred by the Senate or House of Representatives, or by the head of an executive department within six years after such claim first accrues."

It has been repeatedly held that this statute is jurisdictional. It has also been uniformly held that the statute is not suspended during the time that a claim is under consideration by an administrative agency. Tan v. United States, 102 F.Supp. 552, 122 C.Cl. 662, 664; McCormick v. United States, 109 F.Supp. 718, 124 C.Cl. 111, 113.

■ Regardless of the merit of a claim in order for this court to have jurisdiction the claim must necessarily have been filed within six years from the time it first accrued.

■ The plaintiff undertakes to avoid the application of the statute of limitations by claiming that plaintiff is suing in its own right as the assignee; that at the time it made the loans the compensation for these services was collateral security for such loans under the assignment that had been made; that no right of action could accrue to the plaintiff against the defendant during the period since no cause of action existed in the plaintiff as an assignee-pledgee, and that its right to sue did not accrue until it was determined that an amount was due to Foss. As authority for the position which it takes it cites the case of Mitchell v. Automobile Owners Indemnity Underwriters, 19 Cal.2d 1, 118 P.2d 815, 137 A.L.R. 923. That case involved the right of a pledgee to collect upon collateral four years after the note for which the collateral was given had matured. The statute of California provided a four-year limitation within which suit might be brought upon a note.

The note in question was secured by a deed of trust on real property executed by the maker of the note to the underwriter as collateral security.

The insurance commissioner of the state in liquidating the Automobile Owners Indemnity Underwriters filed a declaration of default and elected to sell and proceeded to sell the property described in the deed of trust. Effort was made by a junior lien holder to prevent the sale of the real estate on the ground that the note was more than four years past due and was therefore barred by the statute of limitations. The court held that the California statute of limitations while preventing a suit for foreclosure did not prevent a sale under the provision of the deed of trust which authorized the sale; that the statute was remedial and did not impair the obligation as such. It accordingly held that while the right to the affirmative action of foreclosure was lost the pledgee nevertheless had the negative right to retain the pledge security until the principal obligation had been satisfied.

Neither this case nor the principles enunciated are applicable to the case at bar. The only interest which the plaintiff had was the assignment of whatever sums might accrue to Foss who had performed the services. The right of action accrued in December 1946. More than six years had elapsed from the time the cause of action first accrued before

the suit was filed. This court is without jurisdiction. Defendant's motion is sustained and the petition is dismissed.

LARAMORE, MADDEN, WHITAKER and LITTLETON, JJ., concur.