Michael GOOKIN, Appellant,

v.

George W. NORRIS and Harold E. Norris, Appellees.

No. 59085.

Supreme Court of Iowa.

Jan. 18, 1978.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, and Stanley D. Lamfers, Chariton, for appellant.

Dull, Keith & Beaver, Ottumwa, for appellees.

Before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal poses a question of the applicability of the statute of limitations to an assigned claim.

On September 5, 1972, defendant George W. Norris drove a car belonging to defendant Harold E. Norris with the latter's consent. Plaintiff Michael Gookin, an unmarried, unemancipated minor, was a guest in the car. Through George's negligence in operating the car, Michael sustained personal injuries. The sum of $10,000 was paid by or on behalf of Michael's father, Roger Gookin, for medical expense incurred during Michael's minority because of the injuries.

On March 5, 1973, Michael attained his majority.

On September 5, 1974, Michael alone commenced the present damage action against Norrises on account of his injuries. His petition contained these allegations regarding medical expense and other damage: "That the Plaintiff has sustained extensive medical expenses in the amount at which at this time is undetermined; That the Plaintiff will continue to incur medical expense and that by reason of the said injuries the Plaintiff has sustained damages in the amount of Fifty-five Thousand Dollars ($55,000.00); of which Forty Thousand ($40,000) is for pain and suffering and loss of earnings and of which Fifteen Thousand ($15,000) is for disfigurement and for past medical expenses and for medical expenses which will be reasonably required in the future." In their answer, Norrises denied Michael's allegations.

▮▮▮ Absent assignment by Roger or emancipation of Michael, Roger rather than Michael owned the cause of action to recover for medical expense incurred during Michael's minority. Rule 8, Rules of Civil Procedure; *Shoemaker v. Jackson*, 128 Iowa 488, 104 N.W. 503; 59 Am.Jur.2d Parent & Child § 120 at 220 ("Unless the child is emancipated, and thus responsible for his own support, the parent, rather than the child, is entitled to recover, in an action for injury to the child, for medical and other expenses necessarily incurred in healing or attempting to heal the injury."); Annos. 32 A.L.R.2d 1060, 37 A.L.R. 11. Moreover, prior to an assignment by Roger to Michael of the medical expense claim, Michael could not maintain a cause of action on that claim, since it was not his. *Bowers v. Bailey*, 237 Iowa 295, 21 N.W.2d 773; 59 Am. Jur.2d Parties § 28 at 380; 1 C.J.S. Actions § 29 at 1072 ("Only persons whose rights have been violated and in whom is title to the cause of action may sue.").

Subsequent to September 5, 1974, Roger assigned his claim for medical expense to Michael.

On September 18, 1975, Michael amended his petition to allege: "That plaintiff's claim for medical expenses incurred during his minority is based upon an assignment of the father's claim which assignment was made subsequent to September 5, 1974, and prior to this date."

▮▮▮ The parties stipulated the facts. Since Michael was a guest and George was negligent rather than reckless, Michael could not recover his own items of damage. Code 1971, § 321.494. But the guest statute did not bar Roger from recovering under rule 8 on his medical expense damage claim. *Irlbeck v. Pomeroy*, 210 N.W.2d 831 (Iowa). Nonetheless, the two-year statute of limitations applied to that damage claim held by Roger, *Schnebly v. Baker*, 217 N.W.2d 708 (Iowa), and Roger did not assign that claim until after the two-year period had elapsed.

The parties presented to the trial court the question of whether Michael could recover on the assigned medical expense claim notwithstanding the statute of limitations. The trial court held that the medical expense claim was barred and dismissed the action. Michael appealed. The sole issue before us is the applicability of the statute of limitations to the assigned medical expense claim.

I. Michael's difficulty arises from confusing two separate principles. One is the principle of relating back. Michael brought his action originally within the period of limitations. He claims that his amendment

asserting assignment of the medical expense claim is timely because the amendment relates back to the commencement of his action.

■ Michael is right that an amendment which amplifies an originally pleaded claim, and does not allege a different cause of action, may be added by amendment notwithstanding the statute of limitations, if the petition itself was timely filed; the amendment relates back. This court stated the rule thus in *Pease v. Citizens State Bank*, 210 Iowa 331, 340, 228 N.W. 83, 87:

> The rule is well established that, if the amendment pleads a new and independent cause of action, it is to be treated as the commencement of a new suit, and if the period of limitation has intervened, the amendment is subject to demurrer. If, however, the amendment merely amplifies and enlarges the cause of action originally pleaded, it will be upheld, notwithstanding the statute of limitations.

The problem usually presented by amendments made after the limitation period has run is whether they amplify the original cause of action or plead a different one. In this case, had Michael been an' adult all along so that he himself originally owned the claim for medical expense, and had he failed to plead it originally and then sought to add it by amendment after the statute had run, we would have to decide whether the amendment was germane or a new cause of action. But that is not the problem which this case presents. Cf. *Davis v. Crook*, 261 N.W.2d 500 (Iowa).

II. The second principle relates to the situation in which two persons own their own claims against a defendant, person A timely commences action on his claim, person B lets the statute of limitations bar his claim and then assigns it to person A, and person A thereafter amends his petition to include the assigned claim. This situation involves the principle that parties cannot avoid the limitation statute by the device of an assignment. Person B's claim is as unenforceable in his assignee's hands as it is in his own hands. *United States v. Buford*, 28 U.S. (3 Pet.) 12, 7 L.Ed. 585; *Stanczyk v. Keefe*, 384 F.2d 707, 708 (7th Cir.) ("He

claimed damages for his injuries and, as assignee of his parents, for recovery of amounts expended and to be expended for his injuries as well as for loss of his services. . . . We think the court properly dismissed the suit so far as it was based on the claims of the parents, purportedly assigned to the minor. The claims of the parents were subject to the five year limitation on actions contained in Ill.Rev.Stat., ch. 83, § 16 (1965), and were barred at the time of the assignments."); *United States National Bank of Portland v. United States*, 125 F.Supp. 250, 129 Ct.Cl. 777; *Blanford v. Connery*, 16 Ill.App.2d 544, 148 N.E.2d 824 (from headnote in 148 N.E.2d at 825: "Parties, who had been minors when they were injured in automobile accident, were not entitled to file their parents' assignments of medical expenses executed more than five years after parents' causes of action accrued where parents had commenced no action within five years."); *Colony Coal & Coke Corp. v. Olinger*, 264 Ky. 775, 95 S.W.2d 597; *Smith v. Copiah County*, 232 Miss. 838, 100 So.2d 614; *Hubbard v. Massey*, 192 Miss. 95, 4 So.2d 230; *Incorporated Village of Island Park v. Island Park-Long Beach, Inc.*, 81 N.Y.S.2d 407, 410 (N.Y.Sup. Ct.) ("That the statute of limitations is a personal defense is no doubt the general rule. However, the proposition seems to be undisputed that, where the bar of the statute is complete against the person from whom right or title was derived, it is operative and binding against the successor"); *Muse v. Hathaway*, 193 N.C. 227, 136 S.E. 633; *Hartford Accident & Indem. Co. v. Procter & Gamble Co.*, 91 Ohio App. 573, 109 N.E.2d 287; *Green v. Wahl*, 117 Okl. 292, 246 P. 419; *Koenig v. Marti*, 103 S.W.2d 1023 (Tex.Civ.App.); *Prudential Federal Savings & Loan Ass'n v. Hartford Accident & Indem. Co.*, 7 Utah 2d 366, 376, 325 P.2d 899, 906 ("It having permitted the time to go by and the claim to become barred, the trial court properly held that it could not breathe new life into the cause of action by reassigning it to Felt, who had commenced an action within the time limit."); 6 Am.Jur.2d Assignments § 102 at 284 ("If the assignor could not have maintained an action against the obligor on the chose

assigned, neither can the assignee sue him on it. Defenses such as the statute of limitations and failure of consideration may be interposed against the assignee if they were available against the assignor."); 53 C.J.S. Limitations of Actions § 18b at 953 ("Where the bar of the statute is complete against the person from whom right or title was derived, it is operative and binding against the successor.").

Essentially the second situation is what we have here. Michael sued within two years, and we may assume arguendo that his damage allegations were broad enough to cover all medical expense. Under the authorities previously cited, however, he could not bring a valid suit on Roger's medical expense claim until Roger assigned that claim, but by the time Roger assigned the statute had run.

III. The only question as to applicability of the second principle is whether the claim for Michael's medical expense during minority was originally his own claim or belonged to Roger. Our rule 8 leaves no doubt that the claim belonged to Roger and our recent decisions make clear this aspect of rule 8. *Wardlow v. City of Keokuk*, 190 N.W.2d 439, 443 (Iowa) ("the wrongful or negligent death of a minor gives rise in Iowa to two causes of action, one on behalf of the minor's administrator for those injuries which are personal to the decedent, section 611.20, the other on behalf of the father for loss of services during minority and expenses incurred on account of those injuries, rule 8. *Actions brought under rule 8 are not for the injury to the child but for the injury to the father as a consequence of the injury to the child*"—italics added); *Irlbeck v. Pomeroy*, 210 N.W.2d 831, 834 (Iowa) ("It [rule 8] recognizes parent and child have separate causes of action."); *Handeland v. Brown*, 216 N.W.2d 574, 576 (Iowa) ("A rule 8 claim is brought by a parent to redress a wrong done to himself rather than another."). Examination of Michael's cited cases discloses distinguishing facts, for example, *Benson v. City of Ottumwa*, 143 Iowa 349, 121 N.W. 1065 (claim not barred by limitations at time father assigned it to child). Of even more significance, Michael's cases were de-

cided before our pronouncements in the recent *Wardlow, Irlbeck,* and *Handeland* decisions which remove any doubt that the parent has his own claim.

In this case the medical expense claim became unenforceable in the assignor's hands due to inaction on his part. We do not perceive how assignment raised the claim to viability in the hands of the assignee. As the trial court observed regarding the two-year limitation period, "Assignment of the cause of action after the lapse of said period, while permissible, carries with it the existing bar because no assignor unrelated to commercial paper can possibly transfer to his assignee more than the assignor possessed. Neither by such assignment can he deprive an opposite party of a valid defense."

We uphold the judgment.

AFFIRMED.

All Justices concur except RAWLINGS, J., who concurs in result.