## John W. Herring, Guardian, *v.* Elisha Goodson.

1. Guardianship—Jurisdiction.—Jurisdiction for the appointment of a guardian (under the old judiciary system) belonged to the probate court of the county in which the minor resided.

2. Bastardy—Presumption Against.—A child begotten and born during wedlock is presumed, though not conclusively, to be legitimate. To overcome this presumption, there must be proof of non-intercourse between the parents.

Error to the probate court of Franklin county:

The facts are sufficiently stated in the opinion of the court.

The plaintiff in error assigned the following errors:

1st. The court erred in entertaining the motion of Goodson without first disposing of the issue made up on his petition and Herring's answer.

2d. The court erred in sustaining Goodson's motion, based on allegations of fact and fraud, without proof of such allegations.

3d. The court erred in rendering judgment against Herring for costs in a motion to which he was not a party, without disposing of the case on the petition which he had been cited to answer.

*Cassidy & Stockdale*, for the plaintiff in error.

The nature of the issue raised by the answer of Herring, called in question the right of Goodson to interfere, in any manner, with the guardianship of the minor, John T. Goodson. It is a familiar principle that the party making complaint must show an actual wrong suffered by him, before he can be entitled to invoke the agency of a court of justice. Cotton v. Goodson, 1 How., 295. While the petition of Goodson alleges facts which bring him within the rule, yet the material fact, to-wit: the paternity of Herring's ward, upon which his right to interfere in the question of guardianship, was by Herring's answer distinctly denied; and the determination of this issue was necessary before Goodson could take a single step in the case. Yet the court, here, without disposing of this issue, allows Goodson to avoid it by raising, by

motion, a question in which his interest was denied by Herring's answer.

The second ground of error is equally obvious; its absurdity is increased by the reason assigned for thus dispensing with proof of the allegations of fraud, and facts alleged as showing want of jurisdiction in the court in appointing Herring as guardian.   This reason was that inasmuch as the material allegations in the petition were not denied by the answer, they were therefore admitted, and such admission could be used in another and different proceeding as a substitute for proof.   Such admissions are never used except for the purposes of the particular questions arising on the pleadings, which have this effect.   On the question, whether Goodson was the father of the ward, the answer necessarily did not controvert the other facts involving the merits of the case.   For it was wholly immaterial whether Herring was properly appointed or otherwise, if Goodson was not in a position to question the appointment by reason of his having no interest in the question.   And while it may have been true on that issue, that the answer did not deny the facts alleged in the petition concerning the appointment of Herring, and for the purpose of the issue raised by Herring's answer, it is taken as admitting them; yet it by no means follows that such an admission can be used in any other issue. There are many cases in which such technical rules for certain purposes are applied, and certain allegations taken as true for such purposes, but where such admission cannot be otherwise used.

*Yerger, Harris & Withers*, for defendant in error.

This case is brought up by writ of error from an order of the probate court of Franklin county, revoking letters of guardianship granted by it to John W. Herring as guardian of John T. Goodson.   It is difficult to conceive why this writ of error had been taken, as the record certainly contains no error.   The facts are as follows, according to the record:

Elisha Goodson, the father of John T. Goodson, filed his

petition and entered his motion in the probate court of Franklin county, to revoke letters of guardianship granted to Herring, alleging that the minor, John T. Goodson, resided in Jefferson county, and not in Franklin county; and that when the letters of guardianship were granted in Franklin county, the minor resided in Jefferson and not in Franklin county; that he never resided in Franklin county; that the letters to Herring were illegally and fraudulently granted, and without summons or notice to Elisha Goodson, the father, who resided in Jefferson county, and who had applied for letters of guardianship, in that county, in ignorance that an order appointing Herring guardian, had been made in the probate court of Franklin county. On hearing of the motion the court sustained it, and revoked the order granting letters of guardianship to Herring.

It is very clear on the facts as they appear of record, that the court in Franklin county, had no jurisdiction to appoint Herring guardian of John T. Goodson, and that the order being void, as well for want of notice to Elisha Goodson, the father, or because of the non-residence of the minor, it was the duty of the court to revoke it, and set it aside. The statute of this state gives the " preferencé in all cases, to the natural guardian, or next of kin, if any such apply," etc. Hutchinson's Code, p. 504, § 125. The appointment is to be made by the court of the county where the minor resides. In this case the father did apply to the court of Jefferson county, where the minor resided, and which had jurisdiction of the person and property of the minor.

. The facts stated in the petition are not denied by Herring, and are to be taken as true. Herring, it is true, denied that Elisha Goodson was the father, because, as alleged, he did " not have access to the mother for more than thirteen months before the birth of the child." There was no proof of their affirmative allegation, even if the court, on the question of guardianship, would have permitted such an inquiry; and we are sure that it would not. But as we remarked in the commencing this brief, it is difficut to tell why this writ of

error was taken, as it is very clear that the judgment of the probate court revoking the letters of guardianship to Herring, was properly made. The court in the first instance acted without power; the judgment was a nullity for want of jurisdiction, and when the facts appeared, it was its duty to vacate the irregular and void order previously made.

SIMRALL, J.:

The probate court of Franklin county had granted letters of guardianship to John W. Herring of the person and estate of John T. Goodson, a minor.

Elisha Goodson, as the father of the minor, by petition, applied to the probate court of Franklin county, to revoke the letters, on the ground that the minor was and had always been a resident of Jefferson county; that no notice of Herring's application had been given to him; that as father, he was natural guardian, and had the better right; that there was no jurisdiction over the guardianship of the minor in the probate court of Franklin county.

Herring in his answer denies the right of Elisha Goodson to intermeddle in the matter, because as he avers, the said Elisha had not access to the mother of said minor for more than thirteen months immediately preceding his birth, and therefore is not the father of the child. The cause went to final hearing on the petition and answer, without proof on either side.

The single question is, was the decree of the probate court, revoking and annulling the letters of guardainship of Herring, proper.

Goodson states in his petition that he had an application pending in Jefferson county when he learned of the appointment of Herring as guardian in Franklin county. It seems that the jurisdiction to appoint a guardian for this ward, pertained to the probate court of Jefferson county rather than Franklin. It is averred in the petition, that the minor, at the date of Herring's appointment, resided, and had always resided in Jefferson county; his person was in that county, and most likely his estate also. This allegation is not denied in

the answer. Really, the whole ground of objection made to the revocation of the letters of guardianship is, that Elisha Goodson is not the father of the minor, because he had no access to the mother. The petition claims the right to the guardianship of the minor and his estate, on the footing of a right as "father." That allegation implies that the child is the issue of the marriage. The answer makes a counter allegation, denying the paternity, *sub modo*, or conditionally, the child was born during the marriage, is ostensibly the son of Elisha Goodson, the petitioner; but is a bastard, because in fact, the said Elisha could not by possibility be his father, not having access to the mother within the proper time.

The plaintiff in error, insists that the paternity of Elisha Goodson was in issue by the pleadings, and that the onus of proof was on the petitioner. We think not, to the extent at least, and to the effect claimed. A child born after the marriage, and during the husband's life, is presumed to be legitimate; and so firm was this presumption originally, that it would not be rebutted, unless the husband was incapable of procreation, or was absent beyond the four seas during the whole period of the wife's pregnancy. Co. Litt., 244 *a*; Rex v. Alberton, 1 Lord Ray, 395; Rex v. Murray, 1 Salk., 121. This ancient rule has been so far relaxed, that in later times, this presumption may be overcome by showing that the husband had no opportunity for intercourse, and the jury, from all the facts, are to infer whether intercourse did or not take place. Banbury v. Gardner, Peerage cases; Rex v. Luffe, 8 East, 173; State v. Petteway, 3 Hawks., 623; 1 Phil. Evi., 630. The defendant, Herring, did not deny the paternity of Elisha Goodson, except by the affirmative allegation of non-access to the mother. It would be incumbent on him, in order to overcome the presumption of legitimacy, to prove the non-intercourse.

In our view, then, of the pleadings, the cause was heard on the allegation of the petition that the minor's home and residence was in Jefferson county, and that Elisha Goodson, as father, had made application there for guardianship, but

desisted on account of the appointment of Herring in Franklin county, and these facts not being denied, except as before stated, in respect to the paternity, might have been treated by the probate court as admitted. Connected with the entire omission of Herring to set up any ground of jurisdiction in the probate court of Franklin county, such as the residence and estate of the minor lay in that county, we concur with the probate court in the conclusion it come to, and affirm its decree.