McANDREW v. MADISON COUNTY.

1. **Bastardy Proceedings:** NOT CRIMINAL IN CHARACTER: COUNTY NOT LIABLE FOR COSTS. Proceedings brought under title 25. chap. 56, of the Code, by the mother of a bastard child against the putative father, to charge him with the support of the child, are *not criminal in their nature*, though brought in the name of the state, and the county is not liable for the costs in such a case, under the provisions of Code, § 3790.

*Appeal from Madison District Court.*

SATURDAY, SEPTEMBER 26.

THE plaintiff is sheriff of Madison county. He claims of said county, by this action, the sum of $131; the same being for sheriff's fees for serving subpœnas in an action wherein the state of Iowa was plaintiff and one Cook was defendant. The cause was submitted to the district court upon an agreed statement of facts, and judgment was rendered for the plaintiff. Defendant appeals.

*V. Wainwright*, for appellant.

*C. C. Goodale*, for appellee.

ROTHROCK, J.—It appears from the agreed statement of

facts that the proceeding in which the fees arose was entitled *State of Iowa v. Frank E. Cook*, and was brought and prosecuted for the purpose of charging the defendant with the support of an illegitimate child, of which he was alleged to be the father. The accusation was tried to a jury, and there was a verdict of not guilty. The proceeding was commenced by the mother of the child, and was prosecuted by attorneys employed by her. The district attorney did not authorize the proceeding to be commenced, and had no knowledge that there was such an action until after the complaint was filed, when his attention was called to the fact. Afterwards, and at the term of court at which the cause was tried, the district attorney asked to be relieved from assisting in the trial, which was acceded to by counsel for complainant, who tried and managed the case upon the part of the plaintiff.

By section 3790 of the Code, it is provided that " in all criminal cases where the prosecution fails, or when the money cannot be made from the person liable to pay the same, the facts being certified by the clerk or justice, as far as their knowledge extends, and verified by the affidavit of the sheriff, the fees allowed by law in such cases shall be audited by the county auditor and paid out of the county treasury."

An action under the bastardy act (Code, tit. 25, chap. 56) is a civil action. It is true, it is required to be entitled in the name of the state against the accused as defendant. But the defendant is brought into court by notice, as in an ordinary action, and it is required to be tried as an ordinary action. It may be brought by any person; and the district attorney is required to prosecute the cause in behalf of the complainant. A verdict of guilty is not followed by fine or imprisonment, as in a criminal case. The judgment is merely for the payment of money. It is very plain that the county is not liable for costs under section 3790 of the Code, for the simple reason that the proceeding is not a " criminal case."

But it is claimed that the county is liable for costs because it is a party in interest in the prosecution of the cause. There

might be some plausibility in this claim if the present law authorized the court to require the defendant, upon being found guilty, to give a bond with security to the county to save it, and every other county in the state, from all charges towards the maintenance of the child. Revision 1860, § 1420. The present law contains no such provision, and we cannot see how the county can be held to be interested in the suit. Possibly, if there were not an express provision of the law authorizing the county to maintain an action in its own behalf, there might be some ground for claiming that the county is a party in interest when the proceeding is instituted by the mother of the child, or other person.

It is provided by sections 1332–1334 of the Code that the county may maintain an action in such cases to save itself from the support of an illegitimate pauper child. But such a proceeding is not required against the putative father before proceedings against the mother. In such case the county would be liable for costs, because it is required to be a party. It seems to us it will be time enough to charge up costs against the county when it finds it necessary to protect itself against charges for keeping paupers by a suit in its own behalf, and which its officers direct, control and manage; and there is nothing in this record showing that the child is likely to become a county charge. No official fees can be allowed, except such as are expressly authorized by law, and no person can be compelled to pay costs in civil cases except parties to actions. The claim that the county, because it may be incidentally or remotely interested in having some one declared to be the father of an illegitimate child, is such a party to the proceeding as to be properly chargeable with costs, it seems to us, cannot be sustained.

REVERSED.