## THE STATE v. LAVIN.

1. **Instructions:** EXCEPTIONS TO : EVIDENCE OF ON APPEAL. Where it appears by the transcript that an entry was made upon the margin of each paragraph of the court's charge, "Given, and defendant excepts," and that each of such entries was signed by the judge, except that on the margin of paragraph numbered 7½, and the bill of exceptions states that the court upon its own motion gave the instructions numbered 1 to 9, inclusive, "to the giving of which, and each of them, the defendant at the time duly excepted in writing," *held* that paragraph number 7½ must be regarded as duly excepted to for the purposes of appeal.

(555)

The State v. Lavin.

2. **Bastardy**: EVIDENCE: OFFER OF COMPROMISE. Offers of compromise are excluded as evidence of guilt or liability, not only because of the nature of such evidence, but on grounds of public policy. Hence, in a bastardy proceeding, the court erred in giving the following instruction: "An offer of compromise should not be regarded as an admission of guilt, but if, from the circumstances under which it was made, and the facts connected with the transaction, you deem it a circumstance tending to establish defendant's guilt or his innocence, you can consider such fact, and give it such weight as you deem it entitled to."

3. ———: ———: ———: WAIVER. Where in such case the defendant testified to an offer of compromise on his part, for the purpose of explaining and avoiding the effect of testimony given by the complainant and her father, *held* that he did not thereby waive his right to claim that such offer should not be regarded as evidence of his guilt, and that it was the duty of the court to give proper instructions on that point.

4. ———: ———: FINANCIAL CONDITION OF COMPLAINANT. In such case, evidence of the financial condition of the complainant, and that of her father, was immaterial; and so was the fact that a deed was made to her father and the bastard child, as well as the contents of such deed.

5. ———: MARRIED WOMAN: PRESUMPTION OF PATERNITY. When a child is born to a married woman, the law presumes it to be legitimate, and, unless born under such circumstances as to show that the husband could not have begotten it, this presumption is conclusive. But the presumption may be rebutted by facts and circumstances which show that the husband could not have been the father, as that he was impotent, or could not have had access. (See opinion for citations.) In this case, in which the complainant was a married woman, an instruction given by the court (see opinion) is *held* to be in conformity with this doctrine, and is approved.

6. ———: EVIDENCE: UNCHASTE CONDUCT OF COMPLAINANT. In bastardy proceedings it is not allowable to consider unchaste conduct of the complainant with other men than the defendant, unless it has a bearing upon the question of the paternity of the child. (See opinion for citations.)

*Appeal from Wright District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, OCTOBER 7, 1890.

ACTION to charge the defendant with being the father of a bastard child. Plea of not guilty, trial to a

jury, and verdict of guilty. Defendant's motion for a new trial being overruled, judgment was entered on the verdict, and defendant appeals.

*D. C. Filkins*, for appellant.

*R. H. Whipple* and *James Moats*, for appellee.

GIVEN, J.—I. The correctness of the abstracts being questioned, we have examined the transcript with care. Appellant assigns as error the giving of each and all of the paragraphs of the court's charge, and the refusal to give the first and second instructions asked. The discussion is addressed mainly to the giving of paragraph number 7½ of the court's charge, and the refusal to give instruction number 1 asked by appellant. Appellee contends that the giving of paragraph 7½ was not excepted to at the time it was given, and that no grounds are stated for the exception afterwards taken in the motion for new trial, and, therefore, the error assigned upon the giving of said instruction cannot be considered. It appears by the transcript that an entry was made upon the margin of each paragraph of the court's charge, "Given, and defendant excepts." Each of these entries, except that on paragraph 7½, is signed by the judge. The bill of exceptions, after reciting that the court upon its own motion gave the instructions numbers 1 to 9 inclusive, recites: "To the giving of which, and each of them, defendant at the time duly excepted in writing." Appellee contends that 7½ and number 1, refused, are substantially the same, and that, at the time the instructions were given, appellant was content with the giving of number 7½. The comparison of these two paragraphs shows a marked difference. We think the record fairly shows that the giving of paragraph 7½ was duly excepted to at the time, and that by oversight the judge omitted to sign the exception on the margin. If it were otherwise he would not certify as he does in the bill of exceptions.

*Margin note: 1. INSTRUCTIONS: exceptions to: evidence of on appeal.*

II.   Paragraph 7½ of the court's charge is as fol-
lows:  "An offer of compromise should not be regarded
as an admission of guilt, but if, from the
circumstances under which it was made,
and the facts connected with the transaction,
you deem it a circumstance tending to establish defend-
ant's guilt, or his innocence, you can consider such fact,
and give it such weight as you deem it entitled to."
The instruction asked by appellant, and refused, is as
follows:  "Any compromise offered to the complaining
witness by the defendant, or his attorney, cannot oper-
ate against the defendant in the trial of this cause, and
is not to be considered as an admission of guilt on his
part."   The courts uniformly hold that offers made for
the purpose of compromise or settlement are not admis-
sions of guilt or liability.   They may be made to avoid
litigation, and not from a consciousness of guilt or
liability;  "for," as Lord MANSFIELD observed, "it
must be permitted to men to buy their peace without
prejudice to them, if the offer should not succeed; and
such offers are made to stop litigation, without regard
to the question whether anything is due or not."   The
law favors compromise between litigants, and to admit
such offers as evidence of liability would not only dis-
courage, but prevent, the settlement of disputes.   Offers
made for the purpose of compromise are excluded as
evidence of guilt or liability, not only because of the
nature of such evidence, but upon grounds of public
policy.   See 1 Greenl. Ev., sec. 192; *West v. Smith*, 101
U. S. 263; 2 Whart. Ev., sec. 1090; *Richards v. Noyes*,
44 Wis. 609; *Daniels v. Woonsockett*, 11 R. I. 4; *Draper
v. Inhabitants of Hatfield*, 124 Mass. 53.   This rule
does not exclude admissions of particular facts, but
only the offer that is made by way of compromise, as
to pay a sum of money, or the like.   Admissions of
particular facts are admissible, though made during a
treaty of compromise, but offers to do something by
way of compromise are not admissible as evidence of
liability.   *West v. Smith, supra; Sanborn v. Neilson,*

*2. BASTARDY:
evidence:
offer of com-
promise.*

4 N. H. 501.   Appellee does not question the rule as we have announced it, nor the correctness of the instruction refused, but maintains that the rule was substantially embraced in the paragraph 7½ given.   Appellee also contends that the evidence of offers of compromise was introduced without objection by appellant, and that he cannot, therefore, raise the objection by instructions. The instruction given is not in harmony with the rule, and is materially different from that refused.   While by it the jury were told that an offer of compromise should not be regarded as an admission of guilt, it was left to them to say, from the circumstances under which the offer was made, and the facts connected with it, whether they deemed it (the offer) a circumstance tending to establish guilt or innocence.

III.   Complainant testified, in chief, on behalf of the state, without objection, that appellant admitted to her that he was the father of her child, and that he gave her five dollars to procure a picture of the child for him.   Her father, called by the state, testified that appellant had offered him twenty-five dollars in settlement of his claim for doctor's bill, and for taking care of complainant during her confinement.   Appellant, called in his own behalf, testified that, pending this action, he had offered to pay complainant a sum of money in settlement thereof, and that his statements to her and his offer to her father were parts of the same transaction.   Thus the fact of the offer of compromise was brought before the jury.   It was only by appellant's testimony that the statements to complainant and the offer to her father were shown to have any connection with an offer to compromise this action, and appellant was not in position to object to the state's testimony as relating to a settlement, because offer of settlement did not appear therefrom.   The case is different from *State v. Pratt,* 20 Iowa, 267, and *Becker v. Becker,* 45 Iowa, 239.   In those cases the grounds for objecting to the testimony were apparent at the time when it was given, while in this it

was only made apparent by rebutting evidence. A motion to withdraw the testimony as to offer of settlement could not have been sustained, as there was a controversy whether the statements to complainant and the offer to her father were in connection with an offer of settlement. The fact that an offer of compromise had been made being thus brought into the case, it was the duty of the court to give proper instructions with reference thereto.

IV. Testimony was introduced to show the financial condition of the complainant and of her father; also that a deed had been made to William Weber and to Florence Hazel Weber, the child. Appellant complains of the overruling of his objection to the testimony as to the financial condition of the complainant's father, and the refusal of the court to allow him to prove the contents of the deed to William Weber and the child, William Weber having refused to produce the same. Chapter 56, title 25, Code, under which this action is prosecuted, is essentially different from chapter 58, title 12, of the Revision. Under the latter, if the accused was found to be the father of the child, he was adjudged to give security to the county, conditioned to save that and every other county in the state from all charges towards the maintenance of the child, while no such provision is contained in the former. The only issue under the present statute is guilty or not guilty, and, if found guilty, the only judgment that can be rendered is to charge him with the maintenance of the child in such sum or sums, and in such manner, as the court shall direct, and with the costs of the suit. Parents owe it to the public and to their children that they furnish the necessary support to their children, whether they be legitimate or illegitimate. The purpose of proceedings like this is to determine whether the accused is in fact the father of an illegitimate child, and if so to charge him with its support. His liability to be so charged rests solely upon the fact that he is the father of the child, and not upon the ability or inability of others to support the child,

*4. ___ : ___ : financial condition of complainant.*

or whether it is likely to become a public charge. No
security is required, under the present statute, to indem-
nify the public, nor does the statute make the liability
of the accused to depend upon the ability of the
mother, or any other person, or the estate of the child,
to furnish the needed support. The court erred in over-
ruling appellant's objection to the testimony as to the
financial condition of complainant and her father; but
did not err in refusing to allow appellant to prove the
contents of the deed, as evidence of the existence of
such a deed should not have been admitted.

V.. It appearing without dispute that the com-
plainant was a married woman at the time the child
5. ——: married was conceived, the court instructed the jury
woman: pre- as follows: "The law presumes that a
sumption of
paternity. child conceived during lawful wedlock of
its mother is legitimate, and not a bastard. Therefore,
the plaintiff must show that the complainant did not
cohabit with her husband during the time when the
child might have been conceived, and that during that
time the husband had no opportunity to have, and did
not have, sexual intercourse with complainant, and, if
this has not been satisfactorily proved, you must find
the defendant not guilty; but if you find that the hus-
band did not then cohabit with, nor have sexual inter-
course with, nor opportunity to have such intercourse
with, her, and you further find that the plaintiff has
established the allegations of the complaint by a pre-
ponderance of the evidence, then your verdict should be
'Guilty.'" The following definition, found in 2 Ameri-
can & English Encyclopedia of Law, is fully sustained
by the authorities: "Bastards are persons born out of
wedlock, lawful or unlawful, or not within competent
time after termination of coverture; or if born out of
wedlock, whose parents do not afterwards intermarry,
and the father acknowledges them, or who are born in
wedlock when procreation by the husband is impos-
sible." A child born during marriage may be proved a
bastard by evidence of the husband's impotency, or by

proof of non-access to his wife. *Com. v. Stricker*, 1 Browne (Pa.) App. 47; *State v. Britt*, 78 N. C. 439; *Wilson v. Babb*, 18 S. C. 59; *Herring v. Goodson*, 43 Miss. 392; *Hargrave v. Hargrave*, 9 Beav. 552; *Banbury Peerage Case*, 1 Sim. & S. 153; *Bussom v. Forsyth*, 32 N. J. Eq. 277; *Haworth v. Gill*, 30 Ohio St. 627; *Sale v. Crutchfield*, 3 Bush, 636, 647; *Van Aernam v. Van Aernam*, 1 Barb. Ch. 378; *Shuler v. Bull*, 15 S. C. 421. The most clear and conclusive evidence of non-access is required. *Watls v. Owens*, 62 Wis. 512; 22 N. W. Rep. 720; *Egbert v. Greenwalt*, 44 Mich. 245; 6 N. W. Rep. 654; *Boykin v. Boykin*, 70 N. C. 262; *Chamberlain v. People*, 23 N. Y. 88; *Sullivan v. Kelly*, 3 Allen, 148; *Cross v. Cross*, 3 Paige, 139; *State v. Shumpert*, 1 S. C. 85; *Wright v. Hicks*, 12 Ga. 155; *Shuler v. Bull*, 15 S. C. 421; *Kleinert v. Ehlers*, 38 Pa. St. 439; *Herring v. Goodson*, 43 Miss. 392; *Phillips v. Allen*, 2 Allen, 453; *Wilson v. Babb*, 18 S. C. 59; *Gaines v. Hennen*, 24 How. 553. In *State v. McDowell*, 101 N. C. 735; 7 S. E. Rep. 785, it is said: "When a child is born in wedlock, the law presumes it to be legitimate, and, unless born under such circumstances as to show that the husband could not have begotten it, this presumption is conclusive; but the presumption may be rebutted by the facts and circumstances which show that the husband could not have been the father, as that he was impotent or could not have had access." The instruction given is fully sustained by the authorities.

VI. The second instruction asked by appellant, and refused, does not state the law correctly. It is not

6. ——: evidence: unchaste conduct of complainant.

allowable to consider unchaste conduct of the complainant with other men than the defendant, unless it has a bearing upon the question of the paternity of the child. Lewd conduct of the complainant is no defense, unless it tends to show that another than defendant is, or may be, the father of the child. *State v. Pratt*, 40 Iowa, 631; *State v. Woodworth*, 65 Iowa, 141; *State v. Borie*,

79 Iowa, 605. The sixth paragraph. of the court's charge fairly presented this subject to the jury, though not as explicitly as might have been. For the errors mentioned, the judgment of the district court must be reversed, and, as the other errors assigned will not arise on a retrial, it is unnecessary that they be further noticed.                **REVERSED.**