OF

## THE STATE OF IOWA,

AT

## DES MOINES, OCTOBER TERM, A. D. 1893.

IN THE FORTY-SEVENTH YEAR OF THE STATE.

---

THE STATE OF IOWA, Appellee, v. EDWIN JOHNSON, Appellant.

1. **Bastardy**: COMPLAINT: MOTION TO QUASH: WAIVER OF ERRORS. The rules applicable to ordinary actions prevail in bastardy proceedings. Accordingly, where the defendant in such a proceeding moved to quash the complaint, and the motion was overruled, he waived his right to object to such ruling by pleading not guilty, and going to trial on such plea.

2. ———: EVIDENCE: SEXUAL RELATIONS WITH OTHER MEN. In a bastardy proceeding, evidence that the defendant had sexual intercourse with men other than the defendant, but not at the time the child was begotten, is immaterial to the main issue, and is not admissible for the purpose of impeaching the complaint, when no foundation has been laid.

3. ———: RECALLING WITNESS: FACTS OVERLOOKED. It is no abuse of the court's discretion to allow the state in such proceeding to recall a witness, after the defendant has rested, to prove facts which might have been established on his first examination, but which were then overlooked.

4. ———: QUESTION IN ISSUE: EVIDENCE TO SUPPORT VERDICT. Where there is evidence to support a verdict of guilty in such proceeding, it can not be set aside upon evidence that the prosecutrix was a woman of loose habits, and that, upon the night when the child was begotten, she was in questionable relations with a man other than the defendant, but with whom, by her uncontradicted testimony, she did not have sexual intercourse.

*Appeal from Winneshiek District Court.*—HON. W. A. HOYT, Judge.

WEDNESDAY, OCTOBER 4, 1893.

PROCEEDINGS to charge the defendant with the maintenance of a bastard child. There was a trial by jury, and a judgment against the defendant. He appeals.—*Affirmed.*

*E. R. Acres* for appellant.

No appearance for appellee.

ROBINSON, C. J.—I. The complaint is made by Sarah Christenson, and states that she is, and has been

1. BASTARDY: complaint: motion to quash: waiver of errors.

for more than fifteen years, a resident of Winneshiek county, in this state; that she is pregnant with a child, which, if born alive, will be a bastard, and, if living, liable to become a charge upon the county; that the defendant is the father of the child, and has so far failed to provide means for her support. The defendant filed a motion to quash the complaint, which was overruled, and he now insists that the ruling was erroneous. Whether it was or not we are not required to determine. Although this is a proceeding conducted in the name of the state, on complaint filed, the issue

in which is guilty or not guilty, yet it is tried as an ordinary action to establish a civil liability, and when not otherwise provided, the rules applicable to such actions govern. Code, section 4720; *McAndrew v. Madison Co.*, 67 Iowa, 54; *State v. Severson*, 78 Iowa, 653. After the motion was overruled, the defendant pleaded not guilty, and went to trial on the merits, thereby waiving his right to object further to the ruling.

II.   The prosecutrix is unmarried, and at the time of the trial was the mother of a child.   She testified 2. ——: evidence: that she had sexual intercourse with the sexual relations with defendant on the night of August 10, other men. 1890, at which time the child was begotten, and that the defendant is its father.   Helge Gunderson, who testified as a witness for the defendant was asked the following question: "How many times have you had sexual intercourse with Sarah?" An objection to the question was sustained, and of that ruling the defendant complains.   We think it was correct.   The question was not proper for the purpose of impeachment, for the reason that it was too general in its scope, and no foundation therefor had been laid by questions asked of the prosecutrix.   It was immaterial for the reason that, if it were true that she had been guilty of sexual intercourse with the witness at different times, that fact would not constitute a defense to this action.   *State v. Lavin*, 80 Iowa, 562.   It is not claimed that she had sexual intercourse with him at the time the child was conceived.

III.   A witness named Folsoss, who had testified for the plaintiff, was recalled after the defendant rested, and permitted, over the objection of the 3. ——: recalling witness: facts defendant, to testify to facts which might overlooked. have been proven by the plaintiff when offering its evidence in chief.   The defendant insists that his objection should have been sustained.   It was proper for the state to recall a witness to testify to facts

which had been overlooked on his first examination, and that appears to be what was done in this case. We can not say that there was any abuse by the court of its discretion in permitting the witness to be recalled and examined further. Had the defendant wished an opportunity to dispute the testimony given by the witness when recalled, he would have been entitled to it, but he did not ask for it, and has no sufficient reason to complain of what was done.

IV. The chief ground upon which the defendant relies for a reversal of the judgment of the district court is that the verdict is not supported by the evidence. It is shown that the prosecuting witness sometimes went about the neighborhood of her home dressed in boy's clothes; that she treated young men to liquor; that in the year 1890 she frequently slept with different men, several of whom are named; that during the first part of the night of August 10, 1890, she occupied her bed with one Tom Myron, and during the latter part of the night she occupied it with the defendant. She testifies that she did not have sexual intercourse with any of those men, excepting the defendant; that the others did not remove their clothing, and were not in the bed, but on it; that what they did was according to a usage of young people of her nationality, called in the record "bundling," and was not for the purpose of, and did not lead to, sexual intercourse. Her testimony in regard to what occurred the night of August 10, is not contradicted in any material respect by any witness. It must be admitted that her claim that she had never had sexual intercourse with any one, excepting defendant, in view of her admissions, is at least improbable, for obvious reasons, but we can not say that it is not supported by the evidence. She testified in a frank, straightforward manner, without any apparent attempt at evasion, and it was the province of the jury, and

4. ——: question in issue: evidence to support verdict.

peculiarly within their power, to estimate her credibility and weigh her testimony. The fact that her conduct with others has been unchaste and indecent is not a defense for the defendant. The material question to be determined is not "what is the character of the prosecutrix?" but "is defendant the father of her child?" The jury found that he is, and the district court, which saw the witnesses and heard the evidence, was of the opinion that the verdict had sufficient support in the evidence. We are of the opinion that it was so far authorized by the evidence that we should not disturb it.

V. The appellant complains of the overruling of his motion for a new trial. The motion was based in part upon newly-discovered evidence, upon misconduct of the jury, and upon the absence of a witness who had been subpoenaed, but who did not attend the trial. Little is said in argument on this branch of the case, and we need only say that we think the ruling was correct.

We discover no ground for reversing the judgment of the district court. It is, therefore, AFFIRMED.