IDA BOWERS, Appellant, v. DARLENE BAILEY et al., Appellees.

No. 46825.

MARCH 5, 1946.

Crissman & Bleakley, of Cedar Rapids, for appellant.

Jordan & Jordan, of Cedar Rapids, for Darlene Bailey and Lorraine Kay Hook, appellees.

HALE, J.— The plaintiff is and has been for several years a resident of Cedar Rapids, and is the mother of Ira F. Hook, formerly of Cedar Rapids. This son, on December 19, 1941, was married to defendant Darlene Hook (now Bailey). On January 6, 1942, he entered the armed services of the United States and was killed in action on November 28, 1942, in New Guinea. There was born to Darlene Hook on April 1, 1943, a daughter, the defendant Lorraine Kay Hook, now living with her mother Darlene (Hook) Bailey.

On April 8, 1943, there was filed with the local registrar of Cedar Rapids, Maude M. Krebs, a birth certificate, which is now a public record, which certificate shows the name of Lorraine's father to be the deceased Ira F. Hook, which statement plaintiff alleges to be false.

Plaintiff in her petition alleges that by reason of the said birth certificate Lorraine Kay Hook is plaintiff's grandchild and legal heir at law and as such would be entitled to inherit a share of plaintiff's property.

Plaintiff prays for decree that Ira F. Hook is not the father of Lorraine Kay Hook; that the defendants Darlene Bailey, Maude M. Krebs, and Walter L. Bierring (the state registrar of vital statistics) be ordered to expunge from the public records, from the original certificate of birth, and all copies thereof, the name of Ira F. Hook as father of Lorraine Kay Hook; for decree permanently enjoining Darlene Bailey and Lorraine Kay Hook from using the name Hook as the latter's surname; and for general equitable relief.

The answers of Darlene Bailey and Lorraine Kay Hook, by her guardian ad litem, deny the allegations of plaintiff as to the paternity of the child, and allege that plaintiff has no individual or representative capacity or right to maintain this action. Defendants Maude M. Krebs and Walter L. Bierring entered no appearance and filed no pleadings. There was trial to the court and at the conclusion of plaintiff's testi-

mony her petition was dismissed for failure of proof and want of equity, at plaintiff's cost, and judgment entered accordingly.

We have for consideration only two questions: first, whether Ira F. Hook, now deceased, was the father of the defendant Lorraine Kay Hook; and second, whether the plaintiff has the capacity and right to maintain this action.

I. There was but one witness examined: the plaintiff, mother of the deceased Ira F. Hook. The testimony is characterized more by what it fails to disclose rather than by the evidence in support of the allegations of her petition. She testified that after the marriage in December 1941, Ira and his wife lived at her house in Cedar Rapids until he was called to the service January 6, 1942, and that after remaining in Des Moines for a short time he was sent to Camp Roberts, California, and that he never returned to Cedar Rapids. Subject to objection, she testified that she received a letter from her son after April 18, 1942, which was dated "May 24, 1942, Australia," and she stated that she received it on July 4th. She further offered in evidence a postal card addressed to her under date of January 17, 1942, stating her son's military assignment; a telegram dated "Australia 28," with envelope marked "Cedar Rapids July 30, 1942"; and further offered in evidence a telegram from the Secretary of War advising her of the death of her son, which she alleges she received December 21, 1942. All these were properly objected to, and, of course, the two telegrams were not material to the present inquiry.

It appears from her testimony that her son's wife left plaintiff's home shortly after Ira was inducted, but there is nothing of record showing where the daughter-in-law was at any time thereafter. There is nothing in the testimony to show whether or not the husband and wife were together or apart at any time after the former departed from Des Moines. In the absence of any testimony of that nature plaintiff fails to sustain the burden imposed upon her to establish the fact of no access.

It is fully established as a general rule, and has many times been held in this state, that every reasonable presump-

tion will be admitted in favor of legitimacy and the burden of proof is upon the person alleging the contrary. Every child born in lawful wedlock is presumed to be legitimate—a rule founded upon decency, morality, and public policy, sacredness, and peace and harmony of the family relationship. Wallace v. Wallace, 137 Iowa 37, 43, 114 N. W. 527, 126 Am. St. Rep. 253, 14 L. R. A., N. S., 544, 15 Ann. Cas. 761, and cases cited; 7 Am. Jur. 636, section 14; id. 637, section 15; 10 C. J. S. 15 et seq., section 3. This presumption may be rebutted, but the only attempt to rebut it in this case was a claim of lack of access of the husband to the wife. In this the court held that the plaintiff had failed. There is no evidence of lack of access except as to the inferred time of departure and the date of birth, and there is no evidence whatever that the husband and wife were not together at some time prior to his death. Lack of access cannot be shown by evidence only of probability. In the face of the presumption that exists as to a child born in lawful wedlock, evidence to overcome this strong presumption of legitimacy, by reason of nonaccess, must be clear, satisfactory, convincing, and competent. Craven v. Selway, 216 Iowa 505, 246 N. W. 821.

We are satisfied that the evidence is not sufficient to warrant a court in declaring the child illegitimate. This court has many times ruled upon this question and supported the presumption to which we have referred. Niles v. Sprague, 13 Iowa 198; In re Estate of Osborn, 185 Iowa 1307, 1311, 168 N. W. 288; 7 Am. Jur. 636, section 14; In re Estate of Henry, 167 Iowa 557, 149 N. W. 605; Gilbert v. Ruggles, 189 Iowa 206, 178 N. W. 340; Wallace v. Wallace, 137 Iowa 37, 114 N. W. 527, 126 Am. St. Rep. 253, 14 L. R. A., N. S., 544, 15 Ann. Cas. 761; Ryke v. Ream, 212 Iowa 126, 234 N. W. 196; Craven v. Selway, supra.

There is no evidence as to the period of gestation in this case, except that in the birth certificate, based on information alleged to have been received from the child's mother, it is stated to be nine months. While the normal period of gestation is about two hundred seventy-five to two hundred eighty days, yet considerable variations as to the time of that period are well known, and the time in a particular case is not a

question of law but must be established as any other fact. In the Selway case, which reviews a number of Iowa cases, in referring to the question of the period of gestation, it is stated that in determining the nonaccess of husband to his wife it cannot be said, as a matter of law, that the absence of the husband for thirty days near the time of conception proves the illegitimacy of the child. We are satisfied that the court was right in holding that the evidence was insufficient to overcome the presumption of legitimacy.

Appellant argues, in reference to the presumption, that the case is not one of bastardy proceedings and plaintiff is not seeking to show the legitimacy or illegitimacy of Lorraine Kay Hook and that the illegitimacy of this child be established, but that she is only asking that Ira F. Hook be decreed not the father of the child, and to expunge from the public record, the original certificate of birth, the name of Ira F. Hook as father, and whether the child be legitimate or illegitimate is not material. We fail to see any distinction. The only reason which plaintiff might have for the relief sought would be to establish the illegitimacy of the child, and this cannot be done except by sufficient competent clear and convincing evidence which, in this case, has not been produced.

II. Defendants Darlene Bailey and Lorraine Kay Hook deny that the plaintiff has the capacity and right to maintain this action. Rule 2 of the Iowa Rules of Civil Procedure provides that every action must be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, or a party with whom or in whose name a contract is made for another's benefit, or a party specially authorized by statute may sue in his own name without joining the party for whose benefit the action is prosecuted. Such was the rule in sections 10967 and 10968, Code 1939, and preceding Codes, and such is apparently the universal rule. The record does not show, nor can it be shown by any interpretation of the evidence herein, that the plaintiff is acting in any representative capacity in bringing this action.

The general rule is thus stated:

"In considering the proper person to institute a judicial proceeding one should bear in mind the fundamental principle that courts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion, by the defendant's act or conduct, and to give relief at the instance of such persons * * * One cannot rightfully invoke the jurisdiction of the court to enforce private rights or maintain a civil action for the enforcement of such rights unless he has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. To enable one to maintain an action to enforce private rights, he must show that he has sustained some injury to his personal or property rights. The principle that one without pecuniary interest has no judicial standing runs throughout our jurisprudence, and unless one has some remedial interest he cannot be a party plaintiff. His interest must be a present, substantial interest, as distinguished from a mere expectancy, or future contingent interest, and he must show that he will be benefited by the relief granted." 39 Am. Jur. 859, section 10.

Further, at page 866, section 13, it is stated:

"The plaintiff in an equity suit must have an actual existing interest in the cause of action or a legal or equitable right in the subject matter of the controversy, and his interest must be a present, substantial interest, as distinguished from a mere expectancy or contingent interest."

See, also, 47 C. J. 33, 34, sections 69, 70.

The rule is practically universal and is statutory in nearly every jurisdiction. The reasons for such a requirement are apparent. Courts are established to determine controversies where some right or liability is involved. One without any interest in the result of a suit should not be permitted to invoke the jurisdiction of a court where the result can in no way affect his rights. The law does not per-

mit mere intermeddlers to resort to the courts where no real reason exists and no rights are affected.

The plaintiff argues that under section 12016, Code of Iowa, 1939, the estate of a decedent, in the absence of a will, descends in equal shares to his children, unless one or more of them is dead, in which case the heirs shall inherit his or her share; and that the birth certificate makes the child a legal heir of the plaintiff. There is no showing of any substantial injury to the plaintiff herself, nor any suggestion that she has not the power to dispose, by will, in any manner she may see fit, of any property that she may leave at her death. She argues that the relief she seeks is not the affirmative relief of having the child declared illegitimate, but a negative relief: the right to know to whom her estate and property shall descend by operation of law upon her death. This is far from being such a substantial interest as the law contemplates in requiring the action to be brought by the party in interest. The law does not authorize this plaintiff to maintain this action in which she has no legal or equitable interest, financial or otherwise. Our holding therefore is that the court was right and the action was properly dismissed.—Affirmed.

All JUSTICES concur.