ALICE LUCILLE SPEARS, a minor, by her next friend, MARTHA STEWART, Appellee, v. ALFRED VEASLEY, Appellant.

No. 47299.

(Reported in 34 N. W. 2d 185)

OCTOBER 19, 1948.

Gertrude E. Rush, of Des Moines, for appellant.

Carroll O. Switzer, County Attorney, and Paul McDonnell, Assistant County Attorney, for appellee.

SMITH, C. J.—Plaintiff, Alice Lucille Spears, on January 15, 1947 filed the petition herein charging defendant to be the father of her then unborn child. On June 4, 1947 she gave birth to a son whom she named Robert Jr. Spears.

When the case was reached for trial February 10, 1948, her minority being suggested, her petition was amended to allow prosecution by next friend.

The case, although at law, was tried to the court without a jury and is not triable de novo here. Section 675.18, Code, 1946; State ex rel. Mochnick v. Andrioli, 216 Iowa 451, 249 N. W. 379. The sole question here is whether there is sufficient evidence to support the judgment.

No extensive review of the record is necessary. The fact of prior intimacy between defendant and plaintiff is not in dispute. Defendant's sole claim is that no acts are shown within the period of gestation. Their relations began when defendant was home on furlough either in December 1945 after Christmas or early in January 1946. There is disagreement in their testimony at this point as to how long he was home and the frequency of their acts of intercourse. She testifies it commenced the first night they met and continued practically every night until his furlough ended.

It is undisputed he was again home on July 3, 1946, and that they had intercourse at that time. She says he then said he would "quit" her and that she next saw him October 9, 1946, when they "made up" and resumed relations which then continued "practically every night" until she discovered and told him of her pregnancy when she was "three months gone."

Defendant denies any intimacy after July 3. He testifies that when (he thinks in October) she told him of her condition: "She said it [the child] was to be born in April. I told her it was not mine, but if it was to be born in April it would stand a chance, but later than that time wouldn't stand."

One witness, Rev. J. C. Williams, who worked in a shining parlor after returning from the army, testifies he used to see plaintiff and her sister on the streets going in and out of taverns with boys, between July 3 and October 9, 1946, and none of the boys was defendant. Plaintiff denies keeping company with any other boys from December 1945 to January 1947.

I. Defendant argues that "paternity must be established beyond a reasonable doubt." We find, and he cites, no Iowa case so holding. In State ex rel. Mc Keever v. Carey, 188 Iowa 1308, 1322, 177 N. W. 522, it seems to be assumed without

question that only a preponderance of the evidence is required. See State v. Croatt, 179 Iowa 658, 161 N. W. 648. See, also, instruction approved in State v. Wangler, 151 Iowa 555, 561, 562, 132 N. W. 22. We see no basis for holding otherwise.

II. Defendant's real contention here is that as a matter of law the evidence does not support the verdict. This contention is based on the proposition that there was no testimony of any acts of intercourse between defendant and plaintiff at a time making it possible for defendant to have been the father of plaintiff's son. It is argued that as the child, when born, weighed six pounds, four ounces, and had hair and nails, it could not have been premature; that the act of intercourse October 10, 1946 was the first after July 3, 1946, and only about 235 days (actually 238) before the date of birth, and could not have been the cause of pregnancy as the "shortest known period of gestation in a fully developed child is 260 days."

■ There was no expert testimony produced and we are asked to take judicial notice of these conclusions. It is true the courts take judicial notice of the ordinary period of gestation but they also recognize that such period is subject to many exceptions. 31 C. J. S., Evidence, section 79, page 666, notes 8 and 9. And it is said that neither the mean nor the extremes of such period is so commonly and precisely known as to permit judicial notice. Id. note 10, citing Harward v. Harward, 173 Md. 339, 196 A. 318, 321.

In McDaniel v. State, 24 Ala. App. 314, 316, 135 So. 421, 423, it is said:

"This court is presumed to know the period of gestation in the development of a child before birth as is declared in Standard Works on Science. We, therefore, know that from July 15, 1928, to March 2, 1929 [230 days], is sufficient time in which a fetus may be developed into a fully formed child and that births frequently occur within that time."

Appellant cites State v. Van Patten, 236 Wis. 186, 294 N. W. 560, but it does not sustain his contention. It was reversed because the court instructed the jury that the period of gesta-

tion might vary from 270 to 290 days, whereas the only medical testimony in the case was that it might vary from 230 to 320 days.

Appellant also cites State ex rel. Pepple v. Banik, 21 N. D. 417, 424, 131 N. W. 262, 265, but in it the supreme court held there was no error in refusing an instruction that the period is from 249 to 285 days saying: "The testimony of some of the physicians who were sworn showed that a child born 210 days after conception might survive * * *." The case furnishes no comfort to defendant's position.

Nor does Daegling v. State, 56 Wis. 586, 14 N. W. 593, cited by appellant, bear out his argument that a child having hair and nails could not be premature. That case was reversed because the trial court prevented cross-examination of the doctors on the question whether an opinion as to maturity or immaturity of a child, based on want of eyebrows, hair, and toenails at birth, would be a scientific medical opinion.

There are of course many cases in the books which might be discussed. Unfortunately we are not favored by any brief or argument, printed or oral, on behalf of plaintiff appellee.

The decision of the trial court need not be sustained by any technicality of judicial notice and there is no rule of judicial notice rendering it erroneous. The record reveals a course of conduct between the parties which makes it highly probable that defendant is the father of plaintiff's child.

The case is affirmed.—Affirmed.

All JUSTICES concur.