GERALDINE ANN KUHNS, appellee, v. GERALD OLSON, appellant.

No. 52036.

(Reported in 141 N.W.2d 925)

MAY 3, 1966.

Lawrence LeTourneau, of Des Moines, for appellant.

Matthew McEniry, Assistant County Attorney, for appellee.

SNELL, J.—This action was brought to establish defendant, appellant herein, as the father of a child born to plaintiff, appellee herein.

From adverse findings, conclusions of law and judgment thereon defendant has appealed.

This is a law action tried to the court. The findings of fact are binding on us if supported by substantial evidence. Citation of authority is unnecessary. See rule 344(f)1, Rules of Civil Procedure.

Plaintiff and her former husband separated on July 16, 1963, and did not live together thereafter. Her former husband visited their children during August 1963. Plaintiff and her former husband were divorced by final decree on September 24, 1963. Plaintiff testified that she did not see her former husband after that date until the last of November 1964 and did not know where he was. She also testified that beginning on October 4, 1963, and continuing until October 30, 1963, she had dates with defendant, visited him in his apartment, entertained defendant in her apartment and on each occasion they had intercourse; that during that time she had intercourse with no other man. She testified that she had her last monthly period on September 24, the day her divorce became final.

In November she suspected pregnancy. She went to a doc-

tor in December. Tests at that time were uncertain, but in January her pregnancy was confirmed. She was delivered of the child involved herein on July 18, 1964. That was 298 days after her divorce from her former husband. Her attending physician was not the same doctor who had examined her in December and January. Plaintiff also testified as to suggestions made by defendant during her pregnancy and to admissions of paternity after the child's birth.

The child's birth certificate was prepared and signed by the attending physician from information furnished at least in part by plaintiff. It listed the former husband as the father, the length of pregnancy as 42 weeks, the child's weight as seven pounds, two ounces and the child as legitimate.

The defendant admitted dating plaintiff on two occasions but denied any intercourse.

Defendant's motions to dismiss and for directed verdict were overruled.

The trial court found that on October 4, 1963, October 11, 1963, and at other times to and including October 30, 1963, plaintiff and defendant had sexual relations with each other, that the child was conceived subsequent to September 24, 1963, and that defendant is the father of the child.

There was substantial evidence to support the trial court's findings.

I. Appellant argues and we agree that on the grounds of public policy the law presumes the legitimacy of a child born in wedlock. This is an ancient maxim and needs no discussion here.

Every person is presumed legitimate. Proof of illegitimacy must be clear, strong and satisfactory. "It is akin to the presumption of innocence." Nelson v. Nelson, 249 Iowa 638, 642, 643, 87 N.W.2d 767. See also Wallace v. Wallace, 137 Iowa 37, 114 N.W. 527, 14 L. R. A., N. S., 544, 126 Am. St. Rep. 253, 15 Ann. Cas. 761.

While the presumption of legitimacy is strong it is rebuttable. Bowers v. Bailey, 237 Iowa 295, 298, 21 N.W.2d 773. It is not necessary that paternity be established beyond a reason-

able doubt. Only a preponderance of the evidence is required. Spears v. Veasley, 239 Iowa 1185, 1186, 1187, 34 N.W.2d 185.

The child in the case before us was not born during wedlock. He was born 298 days after his mother's divorce from her former husband. There is no evidence in the record before us as to the period of gestation in this case except that in the birth certificate based on information received from the child's mother it is stated to be 42 weeks.

In Bowers v. Bailey, supra, we said:

"While the normal period of gestation is about two hundred seventy-five to two hundred eighty days, yet considerable variations as to the time of that period are well known, and the time in a particular case is not a question of law but must be established as any other fact."

The child in the case at bar was not born within what we said in the cited case was the normal (although not impossible) period of gestation after plaintiff's divorce, and the trial court found from the evidence that conception was subsequent to plaintiff's divorce.

The presumption of legitimacy relied on by defendant will not defeat or overcome the positive findings of the trial court based on the evidence.

Corroboration of plaintiff's testimony was not required. State v. Croatt, 179 Iowa 658, 161 N.W. 648.

II. Defendant argues and we agree that the presumption of legitimacy has been extended to a child conceived in wedlock notwithstanding its birth after termination of the marriage. Defendant quotes Montesquieu, The Spirit of the Laws, Book 6, chapter 17, "that every child conceived in wedlock is legitimate; the law having a confidence in the mother, as if she were chastity itself."

This rule is of no help to defendant here because the trial court, supported by the evidence, found that the child was not conceived in wedlock.

III. The birth record in this case named plaintiff's former husband as the father of the child.

Section 144.48, Code of Iowa 1962, provides:

"Copies of record as evidence. Any certified copy of the

record of a birth, death, or marriage, made under this chapter, shall be presumptive evidence in all courts and places of the facts therein stated."

Section 622.37, Code of Iowa 1962, provides that such a record is competent evidence.

Under section 144.48 the birth certificate created a presumption that unless overcome would defeat plaintiff's claim.

In Wehrman v. Farmers & Merchants Savings Bank, 221 Iowa 249, 262, 259 N.W. 564, we held that the statutory presumption "is only of such probative value as it has in connection with the entire record in this case."

In Beardsley v. Ostrander, 254 Iowa 356, 360, 118 N.W.2d 61, we said: "The statements contained in the certificate are only presumptive evidence. They may be refuted by any proper means * * *."

In the case at bar the trial court found that the presumption had been refuted.

We find no error in the record.

The case is—Affirmed.

All JUSTICES concur.