STATE OF IOWA ex rel. FRANCES LAVELLE BROWN, complainant-appellee, v. JAMES MIDDLETON, appellant.

No. 52312.

DECEMBER 13, 1966.

Kennedy, Kepford, Kelsen & White, of Waterloo, for appellant.

Robert L. Rausch, of Waterloo, Assistant County Attorney, for complainant-appellee.

GARFIELD, C. J.—This is a proceeding under chapter 675, Codes, 1962, 1966, to establish paternity and compel support by defendant of complainant's infant child. Following trial to the court there was a judgment granting the relief prayed from which defendant has appealed.

The single error assigned is that the evidence is insufficient to support the finding defendant is the father of the child. We hold the evidence is sufficient.

 I. Proceedings of this kind are tried as law actions. Our review is not de novo but only for correction of errors at law. The trial court's findings of fact have the effect of a special verdict and are binding upon us if supported by substantial evidence. Code section 675.18; rule 334, Rules of Civil Procedure; Spears v. Veasley, 239 Iowa 1185, 1186, 34 N.W.2d 185; Kuhns v. Olson, 258 Iowa 1274, 1275, 141 N.W.2d 925, 926.

1142

Paternity may be established by a preponderance of evidence. Proof beyond a reasonable doubt is not required. Spears and Kuhns cases, supra.

Intercourse may be proven by the testimony of the prosecuting witness alone; it need not be corroborated. Kuhns v. Olson, supra, 258 Iowa 1274, 1277, 141 N.W.2d 925, 927; State ex rel. McKeever v. Carey, 188 Iowa 1308, 1323, 177 N.W. 522; State v. Croatt, 179 Iowa 658, 161 N.W. 648. We do not imply that complainant's testimony is not corroborated here.

That complainant's conduct with other men than defendant has been unchaste and indecent is not a defense to this type of action unless it tends to show some other man may be father of the child. State v. Lavin, 80 Iowa 555, 562, 46 N.W. 553; State v. Johnson, 89 Iowa 1, 5, 56 N.W. 404; Loggins v. Bundy, 248 Iowa 153, 79 N.W.2d 545, and citation.

II. Complainant's child was born August 29, 1964. Since she was a full-term baby conception occurred about late November 1963. We take judicial notice of the ordinary period of gestation. Spears v. Veasley, supra, 239 Iowa 1185, 1187, 34 N.W.2d 185, 186. Complainant was 25, defendant 39, at time of trial in December 1965. Complainant was unmarried. Defendant was married during his intimacy with complainant but was estranged from his wife, Janie Middleton, and she divorced him about May 1, 1963.

Complainant testified she and defendant met about Thanksgiving 1962; he first dated her within a few days; they frequently (two or three times a week—sometimes every night) engaged in sexual intercourse until December 1963; she became pregnant in late November 1963; she so informed defendant, told him he was the father of the unborn child and he did not deny it; he said he would take care of the child; defendant came to visit her twice while she was pregnant; they discussed marriage and looked at a house in which to live; during the time she and defendant were intimate she had sexual relations with no other man.

Defendant admitted he kept company with complainant and had intercourse with her until June 1963 but not thereafter. He attempted to show that one Wilder, husband of a sister of

plaintiff, was the father of the child in question. Defendant testified he saw complainant and Wilder in a parked automobile between 4 and 4:40 a.m. about Thanksgiving 1963 (approximate time of conception) ; "their clothing was in a state of dishevelment. It was his belief they were having sexual intercourse. He tapped on the window and walked off." Defendant's former wife said she saw Wilder kissing complainant in the fall of 1963.

Complainant and Wilder both denied the testimony just referred to. Of course the trial court was not compelled to believe it.

There is testimony that corroborates complainant. At least two witnesses testified they saw defendant in her company after he contends their intimate relationship ended. One of the witnesses (a sister-in-law of complainant) said she never saw complainant with any man other than defendant from November 1962 through December 1963. Other corroborating evidence need not be mentioned. Defendant did not deny some of complainant's evidence that tends to support her case.

█ The evidence offered by defendant and his argument here are not unlike that in many of our prior cases of this nature. A pertinent answer to both the evidence and argument is this from State v. Johnson, supra, 89 Iowa 1, 5, 56 N.W. 404, "The material question to be determined is not 'what is the character of the prosecutrix?' but 'is defendant the father of her child?' " See also annotation, 104 A. L. R. 84.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting, and STUART, J., who takes no part.