**Mildred Mae WEHLING, Appellee,**

**v.**

**John Eugene ROTTINGHAUS, Appellant.**

**No. 55485.**

Supreme Court of Iowa.

Feb. 21, 1973.

John W. Pieters and Frederick G. White, Waterloo, for appellant.

Walter W. Rothschild, Waterloo, for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant appeals from judgment entered against him for child support in paternity proceeding. We affirm.

In the action brought pursuant to provisions of The Code 1971, Chapter 675, trial jury found defendant to be the father of a daughter born to plaintiff. As the result of a subsequent hearing trial court entered a support judgment against defendant. In substance it is thereby adjudged defendant pay each week, $35 until the child's fifth birthday; $40 until the child's tenth birthday; $50 until the child's sixteenth birthday.

On appeal defendant asserts the judgment is excessive.

■ I. Our review is on the error assigned, not de novo. See Code §§ 675.18, 675.24–675.25; State ex rel. Brown v. Middleton, 259 Iowa 1140, 1141–1142, 147 N.W.2d 40 (1966). See generally 10 Am.Jur. 2d, Bastards, §§ 75, 126–127; 10 C.J.S. Bastards § 32; Annot., 94 A.L.R.2d 1128.

This means trial court's findings of fact are binding on us if supported by substantial evidence. Iowa R.Civ.P. 344(f) (1); Schaben v. Kohles, 186 N.W.2d 598, 599–600 (Iowa 1971); State ex rel. Brown v. Middleton, *supra.*

■ II. It is also understood both parents are liable for support of the child here concerned, not necessarily in equal shares but proportionately according to their ability to pay. See Code §§ 675.1, 675.24–675.25; Dworak v. Dworak, 195 N.W.2d 740, 743 (Iowa 1972).

■ Furthermore, the court has continuing jurisdiction to increase or decrease the amount of support to be paid by defendant. See Code § 675.31.

III. Like trial court we are called upon to resolve the problem instantly posed upon a relatively sparse time-of-trial record.

Approaching the matter in reverse order it appears plaintiff then had assets the net value of which did not exceed $6000. Her weekly take-home employment compensation was $102. She had $950 in savings accounts, owned a debt free 1968 automobile and carried work related health insurance for the child. Plaintiff had acquired, by purchase contract, a furnished house trailer on which she made a $1000 down payment, followed by monthly installments of $85, to which must be added $30 each month for lot rental. Her weekly direct child related expenses were $10 for food, $15 for a babysitter and $5 for clothing.

■ Defendant's testimony regarding his earnings, bank accounts and other holdings is at best obscure. It appears his trial-time possessions were: a checking account of $300; two $1000 time certificates; a savings account yielding $28 each year indicating an approximate $600 balance; a savings account producing $37 annually signifying about $800 on deposit; U. S. Bonds from which was received $166.09 per year evidencing an investment of $4000. Defendant also had half interest in a farm being purchased on contract, total net value of the equity being approximately $62,-500. He also owned a full line of farm machinery having a depreciated worth of $31,951.50 and held an interest with his brother in other like equipment. Defendant additionally had three cars, two trucks and two airplanes, all claimed by him to be more or less inoperable and in some instances worthless. This young man participated in the operation of approximately eight tracts of land rented by him alone or with his father and brother. Briefly stated it is difficult to correlate the foregoing with defendant's 1970 Federal Tax Return which reveals an income of only $2369, but such is the record. Uncorroborated testimony by defendant discloses he owed $4300 to his father and brother. In light of the factual situation set forth above it is apparent defendant's net worth was at least $65,000 at time of trial.

Bearing in mind a reasonable portion of the housing expenses involved is attributable to maintenance and support of the child we find and now hold trial court's judgment is supported by substantial evidence.

Affirmed.