**Dawn Marie MOODY, by her Mother and next friend, Sandra Kay Moody Andresen, Appellee,**

v.

**Kim CHRISTIANSEN, Appellant.**

**No. 65566.**

Supreme Court of Iowa.

June 17, 1981.

William G. Nicholson and James L. Chipokas, Cedar Rapids, for appellant.

Eugene J. Kopecky, Linn County Atty., and Allan L. Harms, Asst. Linn County Atty., for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McGIVERIN, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

This proceeding was brought under the uniform support of dependents act, chapter 252A, The Code 1981, seeking adjudication of paternity and support for a child born to Sandra Kay Moody on August 23, 1971. The trial court found respondent to be the

father of the child and ordered support. He appeals. The petitioner cross-appeals, complaining of the trial court's earlier refusal to grant summary judgment. We affirm the trial court.

■ I. This action was initially brought in the name of the mother. On that basis the respondent claims a lack of subject matter jurisdiction because, he says, section 252A.6(1) provides that the child, not its mother, is the proper petitioner. The contention is without merit for two reasons. The child was later substituted in this suit as the petitioner. Such a mistake, if it was a mistake, will not work to deny the court subject matter jurisdiction. In *Brauer v. J. C. White Concrete Co.*, 253 Iowa 1304, 1311, 115 N.W.2d 202, 205 (1962), we said:

We are firmly committed to the rule that the question of the right of a plaintiff to maintain an action in court does not go to the court's jurisdiction to afford relief but only to the merits of the controversy. Jurisdiction of the subject matter is not dependent on who institutes the action.

In the second place the question is now moot. The trial court later granted respondent's motion for summary judgment against the mother. The action proceeded on the child's petition. The first assignment is without merit.

■ II. For his second assignment of error the respondent asks that we apply the general statute of limitations, section 614.-1(4), The Code 1981, barring the action because it was not brought within the five-year period. In *Stearns v. Kean*, 303 N.W.2d 408, 413 (Iowa 1981), we recently considered and rejected the same contention. We are bound by our holding in *Stearns* to similarly reject respondent's second assignment of error.

III. Respondent separately argues that petitioner did not sustain the burden of proof, that the trial court therefore erred in finding paternity.

■ Paternity may be established in a chapter 252A action. *Greenstreet v. Clark*, 239 N.W.2d 143, 147 (Iowa 1976). It must be shown by a preponderance of the evidence. Section 252A.6(11), The Code 1981. Our review is de novo. *State, Etc., Brecht v. Brecht*, 255 N.W.2d 342, 344 (Iowa 1977).

■ The evidence here was more than sufficient to establish paternity. The child was born August 23, 1971. Her mother testified of a sexual relationship with the respondent in November and December of 1970 and January of 1971. Pregnancy was confirmed by test in late December. The two parties had been cohabitating and the mother testified she engaged in intercourse with no person other than the respondent. The mother also testified the child's facial features resembled respondent's. There was no evidence disputing this testimony and the respondent in fact admits he had a sexual relationship with petitioner as late as November, 1970. We take judicial notice of the ordinary period of gestation. *State ex rel. Brown v. Middleton*, 259 Iowa 1140, 1142, 147 N.W.2d 40, 41 (1966).

Under our de novo review we find paternity established. Respondent's contention to the contrary is without merit.

■ IV. We also reject the petitioner's final assignment, that the claim is barred by the equitable doctrine of laches. Petitioner points to the fact that no action was brought until more than six years after the birth of the child. To raise such a defense a party must show that material prejudice resulted from the passage of time. *Cullinan v. Cullinan*, 226 N.W.2d 33, 36 (Iowa 1975). The respondent claims he was so harmed because of the unavailability of witnesses. He says that, when he and the child's mother cohabitated, four other persons lived with them in the same three-room apartment. In the nine years since then these parties have drifted out of touch. They were not present at the trial. He says all these witnesses could have given testimony which might have helped him.

The respondent did not show he attempted to find the four witnesses. One was his own brother. We have no reason to believe that any of the witnesses could not have been located with due diligence. There is

no basis for us to believe any witness was absent because of the delay.

Respondent also suggests he was harmed by the general difficulty witnesses have when recalling events long past. He has also failed in any showing on this claim. The child's mother was able to specifically remember the dates which were essential to the case. The burden of proof was upon the petitioner, not the respondent. The burden was easily and comfortably borne in this case. We reject respondent's claim of laches because he did not show he was harmed by the passage of time.

Our rejection of all of the respondent's assignments of error makes it unnecessary for us to consider the petitioner's cross-appeal.

AFFIRMED.