EASLEY, Justice,
Specially Concurring:
¶ 88. With a single exception that I wish to write separately to address, I fully agree with the majority’s opinion and holding in this matter. A trier of the facts, here the chancellor, bears the duty first to attempt to reconcile the witness’s conflicting testimony and only as a last alternative impute perjury to the witness. See Standard Oil Co. v. Henley, 199 Miss. 819, 25 So.2d 400, 402 (1946).
¶ 89. Here, the representation by Jane that the minor child was that of the husband is unquestionably a material fact in a custody dispute and complaint for divorce. Likewise, the record is clear that this is not a situation of conflicting testimony or evidence that can be reconciled in any fashion except to say that Jane perjured herself.
¶ 90. Tom filed for divorce listing the minor child as the party’s only natural child. Throughout Tom’s complaint, he referenced the minor child as being the parties’ minor child. Jane answered the complaint and sought a counter-claim against the husband signing under oath an acknowledgment attached to the answer that the assertions in the answer were “true and correct” as stated. In the answer and counter-claim, Jane never stated that the minor child was not Tom’s. In fact, Jane alleged, under oath in the document filed with the court, that the minor child was the only child born to the parties during the marriage without any clarification as to the situation at hand. Accordingly, Jane did not assert that the husband was the child’s father. Under Mississippi law, the husband is presumed to be the natural father when a child is born in wedlock. See Herring v. Goodson, 43 Miss. 392 (1870). As such, Jane held the child out as Tom’s until it appeared she might lose custody of the child.
¶ 91. Likewise, the chancellor entered a temporary order addressing the temporary child support and custody. Yet, Jane remained silent as to the minor child’s true paternity. At the eleventh hour, Jane testified at the custody proceedings that she knew that Tom was not the natural father. However, Jane testified that she never informed Tom that he was not the father. She allowed Tom to rear the child and believe that he was the natural father since and before the parties married in 1996.
¶ 92. Jane’s testimony provided that she was approximately four months pregnant at the time they were married. Tom believed that he was the father at the time they married. Tom was present at the child’s birth and participated in the child’s life. Tom was listed as the father on the birth certificate. Never did Jane indicate that another man was the natural father until almost a year into the divorce proceedings. However, Jane testified at the *786 custody proceeding that Tom was not the child’s father and named another man, Nick Harrison, as the child’s likely father. This clearly amounted to an attempt to defeat Tom’s claim for custody.
¶ 93. Furthermore, despite Jane’s assertion that Tom was not the minor child’s natural father, Harrison testified that he did not recall having sexual relations with Jane during the fall of 1995, when the minor child would have been conceived. This testimony contradicts Jane’s assertions that she had sex with Harrison during the time period of conception. Harrison further testified that he had no plans to determine if he was the natural father, and he had no plans on developing a relationship with the minor child even if he were determined to be her natural father.
¶ 94. Here, the assertions do not amount to an innocent mistake. As I believe that this amounts to perjury, the chancellor should have reported Jane to the district attorney’s office for investigation regarding perjury. All judges who are confronted with obvious perjury have a duty to refer these matters to the prosecuting authorities for investigation. No party should ever be allowed to use a child as a pawn in custody matters or any other proceedings. Here, the mother acted without any regard for the best interest of the minor child. Otherwise, I fully concur with the excellent analysis provided by the majority in this case.
RANDOLPH, J., JOINS THIS OPINION IN PART.