Annette MASON, Appellant,

v.

Melvin HALL, Appellee.

No. 86–129.

Supreme Court of Iowa.

Feb. 17, 1988.

---

William J. Bribriesco of Bribriesco & Bribriesco, Bettendorf, for appellant.

Elliott R. McDonald III, of McDonald, Stonebraker & Cepican, P.C., Davenport, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER and NEUMAN, JJ.

HARRIS, Justice.

In 1984 Annette Mason filed the present application to modify the terms of a 1982 decree entered in a paternity proceeding brought under Iowa Code chapter 675 (1981). After considering her application the trial court increased the amount of support. Because she considered the increase inadequate she has brought this appeal. We agree with her contention that the increased award was still inadequate and hence modify and affirm.

Paternity of Siri Forece Mason was established in the 1982 decree and is not at issue. Respondent father, who is a professional baseball player, was ordered to pay $100 per week. In 1982 respondent's annual salary was $18,000.

In 1985 respondent entered into a contract with a major league team for a salary of $280,000 per year. At the time of hearing on the application for modification his monthly expenses totaled $2500.

Petitioner is unemployed and lives with her parents. She sought to have support payments increased to $1000 per week. Siri was scheduled to begin her formal education and petitioner wanted to send her to a private tuition school. She would like to move from her parents' home and sought $300 to $400 per month for rent, $100 for food and other amounts for piano lessons and other items.

The trial court increased the support order to $150 per week and also directed respondent to pay tuition for private elementary and secondary education, as well as all reasonable and necessary medical, hospital, dental and eye care expenses. Finally respondent was ordered to pay for day care when Siri was not in school.

I. The parties dispute our scope of review. This is not surprising because our cases under chapter 675 have been neither consistent nor clear, but review has generally been thought to be on error. *Heyer v. Peterson*, 307 N.W.2d 1, 4 (Iowa 1981); *Wehling v. Rottinghaus*, 204 N.W.2d 592, 593 (Iowa 1973). This is in contrast to our scope of review in appeals from paternity determinations made in chapter 252A proceedings (uniform support of dependents law). We review those determinations de novo. *Greenstreet v. Clark*, 239 N.W.2d 143, 147–48 (Iowa 1976).

Confusion exists because of the right under section 675.18 to have paternity itself determined by a jury or, if no jury is demanded, by the court as in "other civil cases." A determination of parenthood should of course be reviewed on error. It does not however follow that other matters incident to the proceedings should also be reviewed on error. Notwithstanding intimations to the contrary in our prior holdings we think the other attendant matters should be reviewed de novo.

We therefore hold that our scope of review in paternity matters is as follows. For all determinations made in paternity proceedings brought under Iowa Code chapter 252A our review is de novo. For a determination of paternity in a proceeding brought under Iowa Code chapter 675 our review is on error. For all other determinations under chapter 675, including support, custody, visitation, costs, and awards, whether initially made or on application for modification, our review is de novo. Any statement or holding to the contrary in our prior opinions is overruled.

In this appeal our review is de novo. The scope of our review is not affected, as respondent would have it, by the labeling of some trial court pleadings as at law rather than in equity. Paternity actions under chapter 675 are special statutory proceedings and this matter was essentially treated accordingly.

II. In considering modifications of support under chapter 675 a court is guided by the principles set out in Iowa Code section 598.21(8). *See* Iowa Code § 598.21(8)(k) ("A modification of a support order entered under ... chapter 675 ... is void unless the modification is approved by the court...."). Among the considerations under that section are "[c]hanges in the employment, earning capacity, income or resources of a party." Iowa Code § 598.21(8)(a). Other considerations include "[c]hanges in the ... needs of dependents of a party." Iowa Code § 598.21(8)(d).

Upon our de novo review we agree with the conclusions of the trial court in all respects except we think the support should be $250 per week, rather than $150 per week.

III. We find no abuse in a trial court ruling which allowed the petitioner to amend her pleadings to request attorney fees. *See Sheer Constr. Co. v. W. Hodgman & Sons, Inc.*, 326 N.W.2d 328, 334 (Iowa 1982).

The judgment of the trial court is modified in accordance with our holding that support payments should be increased to $250 per week. As modified it is affirmed.

AFFIRMED AS MODIFIED.