Annette MASON, Appellant,

v.

Melvin HALL, Appellee.

No. 90–1500.

Supreme Court of Iowa.

April 15, 1992.

William J. Bribriesco of William J. Bribriesco & Associates, Bettendorf, for appellant.

Paul J. Bieber of Werner, Werner & Bieber, Davenport, and Brian David, Northbrook, Ill., for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

LARSON, Justice.

Annette Mason and Melvin Hall are the parents of a nine-year-old daughter, Siri. Annette and Melvin have never been married, but through Annette's paternity action under Iowa Code chapter 675 (1981), Melvin was ordered in 1982 to pay support of $100 per week. At that time, he was paid $18,000 per year as a professional baseball player.

In 1985, Melvin's salary was raised substantially, to $280,000 per year. On Annette's application, the district court then modified the support amount to raise it to $150 per week and ordered Melvin to pay certain educational and medical expenses. Annette appealed, and we raised the support to $250 per week and left intact the medical and educational requirements of the order. *Mason v. Hall,* 419 N.W.2d 367, 369 (Iowa 1988).

Annette filed another modification application in 1988 when Melvin's income increased to over $800,000. The district court ordered support of $1000 per week with $750 of that to be paid into a trust. Annette appealed from the trust provision of the order. Melvin complains about the amount of the award, but he did not file a cross-appeal.

The district court found that the reasonable cost of support for Siri was $250 per week, and we agree. Annette's affidavit in support of her modification application actually shows monthly support requirements slightly less than $250 per week. The court found that Melvin had the ability to pay $1000 per week in view of his high income. The court, however, ordered $750 of the $1000 to be retained in a trust for the benefit of Siri, noting "[t]he case is replete with legal processes to force [Melvin] to support his child." The court also noted the precarious earning capacity of major league baseball ballplayers and expressed concern that Melvin's high earnings might not last until Siri reached emancipation.

The court concluded that a trust was appropriate under the circumstances. *See* Iowa Code § 675.27 (1989). Under the order, the trustee is to pay $250 per week to Annette for child support and retain the balance of $750 until the trust balance reaches $150,000. At that time Melvin is to apply to the court for further direction.

■ Annette challenges the trust provision, claiming first that the court did not have authority to order the trust because, in its original modification order, the court simply required Melvin to pay $1000 and did not require that it be paid into trust. She argues that the court lacked authority in its later order to impose the trust requirement. She also contends that the trust provision is faulty in that more than $250 of the weekly amount should be paid to her for Siri's support.

We disagree with Annette's procedural argument. The court retained jurisdiction of the case, and the order imposing the trust requirement was a proper exercise of that jurisdiction.

■ We further believe that, under the circumstances of this case, establishment of the trust was proper under Iowa Code section 675.27, which provides:

> The court may require the payment [of child support] to be made to the mother, or to some person or corporation to be

designated by the court as trustee. The payments shall be directed to be made to a trustee if the mother does not reside within the jurisdiction of the court.

The court's concern about the reliability of Melvin's future child support payments is well founded, both because of his uncertain earning future and his past record of child support delinquencies.

Annette also suggests that the trial court could have granted more than the $1000 per week if it had followed our child support guidelines. She contends the court could have ordered $4000 per week, but she does not raise the amount of the support payment as an error. We believe that under the record $1000 per week is adequate.

Annette seeks a remand to district court to apply our child support guidelines. The guidelines do not provide for a specified amount of support for noncustodial parents who earn over $3000 per month. They provide only that the amount may be no less than that required to be paid by a person earning $3000. Under the guidelines, the amount of support to be ordered in such cases is vested in the "sound discretion" of the court.

We believe that the amount of support in this case, which substantially exceeds the amount for a person earning $3000 per month, was adequate and a proper exercise of the court's discretion.

We find no basis for modification of the district court order and therefore affirm. Annette's application for appellate attorney fees is denied.

AFFIRMED.