# IN THE COURT OF APPEALS OF IOWA

No. 21-1829
Filed August 31, 2022

**SONDRA MARIE THURMAN,**
    Petitioner-Appellant,

**vs.**

**JEREMY SHUEY,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Grundy County, David P. Odekirk, Judge.

A mother appeals the district court's decision denying her request to modify the physical care provisions of the parties' original custody order. **AFFIRMED.**

C. Aron Vaughn and Barry S. Kaplan of Kaplan & Frese, LLP, Marshalltown, for appellant.

Katie M. Naset of Hope Law Firm & Associates, P.C., West Des Moines, for appellee.

Considered by Vaitheswaran, P.J., Schumacher, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCHUMACHER, Judge.**

Sondra Thurman appeals the district court's decision denying her request to modify the physical care provision of the original custody order placing the parties' two children in the physical care of Jeremy Shuey. Sondra has failed to show a substantial change in circumstances. And after considering the financial conditions of the parties, we deny Jeremy's request for appellate attorney fees.

## I.      Background Facts & Proceedings

Sondra and Jeremy are the parents of S.S., born in 2007, and K.S., born in 2009.[1] The parties have never been married. An order filed on September 9, 2011, awarded the parties joint legal custody of the children and placed them in Jeremy's physical care. Sondra was granted visitation on alternating weekends, alternating holidays, and six weeks in the summer. Sondra was ordered to pay child support for the children. At the time of the original order, the children were living with Jeremy and the paternal grandparents. The court noted, "At present the children appear to be in the most stable and 'normal' home environment they have been in since birth."

On November 23, 2020, Sondra petitioned to modify the original order, claiming there had been a material and substantial change of circumstances requiring a modification of physical care. Jeremy counter-claimed, asking for an increase in Sondra's child support obligation.

The modification hearing was held on November 4, 2021. Sondra was living in a three-bedroom home in Conrad with her boyfriend. She was a certified nursing

---

[1] S.S. is developmentally delayed and has significant learning issues. K.S. excels academically. Both children are in good health.

aid and certified medication aid. Sondra worked fifty to sixty hours per week and earned $41,850 per year. She testified that there were communication problems with Jeremy, and he did not let her know about medical appointments or school conferences for the children. She stated Jeremy would not tell her the name of the children's doctor or dentist. Sondra stated both children expressed an interest in living with her.

Jeremy testified he was living with the children in his parents' home in Newton. He was married, and his wife lived in St. Louis, Missouri.[2] Jeremy was employed as a security guard at Unity Point Hospital in Grinnell, where he earned $31,773 per year. He stated Sondra had reported him to the Iowa Department of Human Services approximately ten times and all of the reports were unfounded. He had concerns about Sondra's past drug use and mental-health problems.

On November 5, the district court denied Sondra's request to modify the physical care provisions of the paternity decree. The court found Sondra had not shown a substantial change in circumstances concerning custody, physical care, or visitation. The court increased Sondra's child support obligation.[3] Sondra now appeals.

## II.    Standard of Review

We review de novo actions to modify a physical care decision in a paternity case under Iowa Code section 600B.40 (2020). Iowa R. App. P. 6.907; *see also Mason v. Hall*, 419 N.W.2d 367, 369 (Iowa 1988). "We have a duty to examine the

---

[2] Jeremy testified he did not intend to move to St. Louis. He stated he had a long-distance marriage and his wife was planning to move to Iowa after her son graduated from high school.
[3] Sondra does not appeal the child support increase.

entire record and adjudicate anew rights on the issues properly presented." *Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994). "Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us." *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002). "We base our decision on the unique circumstances of each case." *Fortner v. Howe*, No. 15-0460, 2016 WL 4384488, at *1 (Iowa Ct. App. Aug. 17, 2016).

### III.    Physical Care

Sondra contends the district court should have granted her request to modify the physical care provision of the parties' original custody order. She states that there has been a substantial change in circumstances because there was a complete breakdown of communication between the parties. She also states that Jeremy does not support her relationship with the children. Sondra asserts that Jeremy has not provided the children with stable living conditions. He had a sequence of several romantic partners; Jeremy and the children would move in with a woman then move out again when the relationship did not work out. Sondra states that she has become more stable and can now provide superior care to the children.

"In making custody determinations under Iowa Code chapter 600B, we look to the factors provided in Iowa Code section 598.41(3) as well as our case law." *In re Washington*, No. 17-1005, 2018 WL 1858297, at *2 (Iowa Ct. App. Apr. 18, 2018) (citing Iowa Code § 600B.40). In considering a request for modification of physical care, we have previously stated:

The first question we need to address is whether the record shows there has been a substantial change of circumstances such as is necessary for a modification of the custody provisions of a paternity decree. Courts are empowered to modify the custodial terms of a paternity decree only when there has been a substantial change in circumstances since the time of the decree, not contemplated by the court when the decree was entered, which was more or less permanent, and relates to the welfare of the child.

*Melchiori*, 644 N.W.2d at 368. A party requesting modification of physical care also has the burden to show the ability to provide superior care. *McKee v. Dicus*, 785 N.W.2d 733, 736 (Iowa Ct. App. 2010). Our overriding consideration is always the best interests of the children. *Nicolou*, 516 N.W.2d at 906.

The district court stated it "paid particular attention to the credibility of the parties and witnesses as revealed by their appearance and demeanor." The court stated:

The Court is convinced and finds a substantial change of circumstances has not been shown as concerns custody, placement and visitation. Thus the Court finds no modification of the custody, placement and visitation provisions set forth in the 2011 Ruling should be made. The Court finds both parents to be fit, competent and loving; each capable of fully providing for the physical and emotional needs of their children. The Court finds that it continues to be in the children's best interest to have maximum physical and emotional contact with both parents under the provisions of the 2011 Ruling.

Many of Sondra's concerns arose due to her belief Jeremy was not fully recognizing her rights as a joint legal custodian of the children.[4] The court addressed her concerns, stating,

---

[4] The terms "joint custody" and "joint legal custody" are defined in section 598.1(3) to mean:

> [A]n award of legal custody of a minor child to both parents jointly under which both parents have legal custodial rights and responsibilities toward the child and under which neither parent has legal custodial rights superior to those of the other parent. Rights

> Again, the parties are admonished as to their respective duties and obligations as joint legal custodians of the children to work together in their children's best interests. The Court again emphasizes to each party that joint custody shall mean both parents shall have an equal voice in the children's education and general welfare, to include, but not limited to, the children's religious training, important medical and health decisions involving the children, vacations with the children and any other matters concerning the well-being and raising of the children.

The court reminded the parties of their duties as joint legal custodians, meaning "both parents are to have legal access to information concerning their children, including, but not limited to, medical, educational, and law enforcement records," under Iowa Code section 598.41(1)(e).

"[W]e recognize that the district court was able to listen to and observe the parties and witnesses." *McKee*, 785 N.W.2d at 736. On appeal, we are not able to independently assess the demeanor of the witnesses. *Hesseltine v. Sorensen*, No. 18-1603, 2019 WL 2524120, at *2 (Iowa Ct. App. June 19, 2019). For this reason, we give weight to the court's factual findings. *See Pistek v. Karsjens*, No. 18-0621, 2019 WL 1933995, at *2 (Iowa Ct. App. May 1, 2019). We give weight to the fact findings of the district court, especially in determining the credibility of witnesses, but are not bound by them. *Ruden v. Peach*, 904 N.W.2d 410, 412 (Iowa Ct. App. 2017).

We determine the district court properly concluded that Sondra did not show there had been a substantial change of circumstances. The evidence did not show the communication problems between the parties were worse now than they were

---

and responsibilities of joint legal custody include but are not limited to equal participation in decisions affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction.

at the time of the original order in 2011. The court considered Sondra's complaints about Jeremy's parenting of the children but concluded, "Jeremy has maintained a stable household for the parties' minor children since the 2011 ruling." We defer to the court's credibility determinations and affirm the court's decision denying Sondra's petition to modify the physical care provisions of the paternity decree.

## IV.    Attorney Fees

Jeremy seeks appellate attorney fees. He has not submitted an affidavit of attorney fees to support his request. Appellate attorney fees may be awarded after considering "the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005) (citation omitted).

"An award of appellate attorney fees is within the discretion of the appellate court." *Id.* On consideration of the financial condition of each party, we conclude an award of appellate attorney fees is not appropriate in this case. Each party shall pay their own appellate attorney fees.

**AFFIRMED.**